JOHN FRAZIER AND SARAH E. FRAZIER, Appellants, *vs.* SAMUEL BRYANT, Respondent.

1. *Surveys—Lost interior corners—Missouri Statutes and laws of United States do not conflict.*—The method prescribed by the statute for establishing lost quarter section corners (Wagn. Stat., 1312, § 31) is not in conflict with the laws and regulations of the United States on the same subject. In either case the interior section corners are established, when the original corners cannot be found, at a point equi-distant from the corresponding corners of the section.

2. *Surveys—Lost corners—§ 32 of survey law.—Semble*, that § 32 of the survey law of Missouri (Wagn. Stat., 1312) providing the mode for re-establishing lost section corners is not in conflict with the laws of the United States or rules of the Land Office on the same subject.

*Appeal from Carroll Circuit Court.*

*L. H. Waters*, for Appellants.

I. The statutory method of re-establishing lost corners or interior lines is in conflict with the acts of Congress and the rules and regulations prescribed by the General Land Office. (Gen. Stat., ch. 27, §§ 24, 25, 32 ; Act of May 18, 1796, Land Laws, Vol. 1, p. 50, §§ 1, 2 ; Act March 26, 1804, 1 Land Law, p. 104 ; Act Feb'y 11, 1805, 1 Land Law, p. 119 ; Act April 29, 1816, 1 Land Law, p. 278 ; Campbell vs. Clark, 8 Mo., 553 ; Colvin vs. Fell, 40 Ill., 418.

II. East and west interior lines had nothing to do with the establishment of the original corners. The corners were placed upon north and south lines which were required to be run parallel with the eastern boundary of the township. The statutory method entirely ignores the mode adopted by the government for the sub-division of the township. In the absence of the monuments, the corners should be re-established by reference to the field-notes and plats, and by going over the work. In theory the original lines are deemed to have been correctly run, and a re-survey, if correctly made, will, it is to be presumed, lead to the same results. (Colvin vs. Fell, 40 Ill., 418.)

*Ray & Day*, for Respondent.

Vories, Judge, delivered the opinion of the court.

This is an action of ejectment, brought by the plaintiff to recover the possession of a strip of land containing eleven acres, off from the north side of the north east quarter of the south east quarter of section number twenty-one, in township number fifty-three, in range twenty-one, situate in Carroll county, Missouri.

The petition was in the usual form. The answer put in issue the facts stated therein.

On the trial, owing to rulings of the court which were adverse to the plaintiffs' right to recover, he took a non-suit with leave to move to set the same aside. This motion was afterwards made and overruled by the court, and plaintiff excepted and has appealed to this court.

In order to shorten and simplify the investigation of the case in this court the attorneys of the respective parties have filed an agreed statement of the case, which presents the only questions necessary to be passed on by this court, and is as follows:

"This was an action of ejectment brought to recover eleven acres off the north side of the north east quarter of the south east quarter of section 21, township 53, range 21.

"The cause was tried at the September term, 1870, of the Carroll Circuit Court before the judge of the said court and judgment rendered for the defendant.

"The plaintiff insists that lost section corners, or quarter section corners on interior lines, should be re-established under the acts of Congress, and the rules and regulations prescribed by the General Land Office, and that the statutory method is in conflict therewith.

"Said defendant insists that said corners should be re-established under sections 24, 25 and 32 of ch. 27, Gen. Stat., 1865 (Wagn. Stat., 1311–12), and that there is no conflict between the method therein prescribed and the plan insisted upon by plaintiff.

"It is agreed that if the plaintiffs' position is correct, the judgment should be reversed; if incorrect, it should be affirmed."

It was admitted on the trial that the plaintiffs were the owners of the north east quarter of the south east quarter of section twenty-one, in township fifty-three, and range twenty-one; and that the defendant was the owner of the south east quarter of the north east quarter of the same section. So that it will be seen that the controversy between the parties grew out of the question of the proper location of the east and west line dividing the north east and the south east quarters of said section twenty-one.

It is insisted by the plaintiff that the mode provided by our statute for ascertaining the proper lines and interior corners of the different quarters of a section of land where the original marks or corners have been lost, is in conflict with the laws and regulations of the United States on the same subject, and therefore such mode of surveying is illegal and void. And it is further assumed that in the present case such mode of surveying has the effect to take from the plaintiffs' tract of land and add to the defendant's a strip containing eleven acres, which of right, by the United States' surveys, belongs to the plaintiffs.

By the regulations adopted by the land department of the United States, it is provided, that "quarter section corners, both upon the north and south, and upon east and west lines are to be established at a point equi-distant from the corresponding section corners, except upon the lines closing on the north and west boundaries of the township, and in those situations the quarter section corners will always be established at precisely forty chains to the north or west (as the case may be) of the respective section corners from which those lines respectively start, by which procedure the excess or deficiency in the measurement will be thrown, according to law, on the extreme tier of quarter sections." (Lester's Land Laws and Regulations, p. 122; Manual of Surveying Instructions, p. 26; Keetly v. Truitt, 30 Ind. 306.)

In the case of Knight vs. Elliott, (57 Mo., 317) it was held by the court that if the 30th section of the statutes of this State concerning county surveyors (Wagn. Stat., 1312) should be construed to conflict with the regulations of the United States land department, in reference to the sub-division of, and es-tablishment of lost corners for the different sub-divisions of fractional sections, said section would be, so far as it conflicted with the laws and regulations of the United States wholly void. In the opinion in that case it is said that in interior sections the quarter section corners are always established, where the original corners cannot be found or proved, at a point equi-distant from the corresponding corners of the section. Now as the land in controversy is a part of an interior section, the question is, does our statute prescribing the manner of establishing lost corners to the different quarters of an interior section, conflict with the laws and regulations of the United States on the same suject?

By section 31 of the statute of this State concerning surveyors (Wagn. Stat., 1312) it is provided as follows : "In establishing decayed or destroyed quarter section corners, it shall be required to ascertain the medium point on the line between the two adjacent section corners, and re-establish such decayed or destroyed corners at said medium point."

This method of re-establishing lost quarter section corners, prescribed by this statute, seems to be in exact conformity to the method prescribed by the regulations of the United States land department, as the same is hereinbefore set forth, in reference to the sub-dividing interior sections, and must therefore be held to be a legal and proper mode.

The 32nd section of the statute of this State concerning surveyors (Wagn. Stat., 1312) provides the mode for the re-establishment of lost section corners, and two of the witnesses in this case, who are practical surveyors, testify that the method prescribed by said section was practical, and the proper way to ascertain and re-establish corners of interior sections where the same have been obliterated or lost.

We know of no law of the United States, or rule prescribed by the Land Office Department that conflicts with said section, or that would produce a different result from that produced by following the statutory mode. Most certainly the attorneys for the plaintiffs have not referred us to any law or regulation in conflict with our statute above referred to.

The judgment will be affirmed. Judge Hough did not sit in the case; the other judges concur.