CHAS. M. HURST, Respondent, v. SCAMMON, BAILEY & COMPANY, Appellants.

Kansas City Court of Appeals, December 2, 1895.

1. **Appellate Practice:** EVIDENCE: INSTRUCTIONS. The appellate court can not review the admission of evidence when no complaint thereof is in the motion for a new trial, nor consider lost instructions not in the record.

2. **Trial Practice:** COURT'S DUTY AS TO INSTRUCTIONS. It is not the duty of the trial court in civil cases to give instructions on certain branches of a case unless asked by the parties.

3. **Appellate Practice:** WEIGHT OF THE EVIDENCE: CREDIBILITY OF THE WITNESSES. The appellate court will not consider the weight of the evidence nor the credibility of the witnesses.

*Appeal from the Atchison Circuit Court.*—HON. CYRUS A. ANTHONY, Judge.

AFFIRMED.

*Hunt & Bailey* for appellants.

(1) The court erred in refusing to submit to the jury the question of fraud. (2) There is no evidence that justified the jury in finding for the plaintiff. (3) The court erred in admitting in evidence the bond of indemnity as above stated. (4) We, the defendants, claim that the verdict is against the weight of the evidence and should be set aside and the cause remanded. *Marshall v. Ins. Co.*, 43 Mo. 586.

ELLISON, J.—This is an action of trespass for the levy of an execution upon property of plaintiff. Plaintiff prevailed in the trial court.

Defendants were plaintiffs in an execution against one E. M. Hurst, father of this plaintiff, and plaintiff's theory is that, by their action, they became participants in the acts of the constable, in making the levy on his property, being thereby guilty of a trespass. An examination of the record shows that we can not examine into much of the complaint made here to the action of the trial court. It is contended that the court erred in ruling on the evidence, yet defendant's motion for new trial makes no complaint of this, and we are therefore not at liberty, under repeated rulings of the appellate courts of the state, to consider the questions suggested.

Defendant also complains of instructions refused, when such instructions are not in the record, it being stated by counsel that they are lost. We, therefore, can not, of course, examine into their propriety.

Defendant further contends that the court should have submitted to the jury the question of fraud on the part of this plaintiff and his father. But no instruction on that head appears (by the record) to have been asked, and hence we rule the point against the defendant. It is not the duty of a trial court in a civil case to give instructions on certain branches of a case, when such instructions are not asked by either party.

Defendant further contends that the verdict is against the weight of the evidence. It has been so frequently ruled that the weight of the evidence can not be considered on appeal, that we need only refer to the fact, without burdening our opinion with the reasons assigned in the authorities. If we accept defendant's challenge of the verdict as a contention that there is no evidence to support it, we find that an examination of the record does not support the contention. There was ample evidence in its support. The credibility of that evidence is another question, and the law has wisely left it to be determined by the jury, who see and hear the witnesses and determine the facts.

Counsel have made quite a spirited attack upon the testimony in plaintiff's behalf, contending that it should be discredited. This is not the tribunal to discredit testimony in legal controversies. As before stated, the law has placed that with the jury and trial court.

An examination of the whole record discloses that we are without rightful power to interfere with the judgment and it is accordingly affirmed. All concur.