EAGLE CONSTRUCTION COMPANY, Respondent, v. WABASH RAILROAD COMPANY, Appellant.

St. Louis Court of Appeals, October 26, 1897.

1. **Conversion**: AGENCY: EVIDENCE: INFERENCE. In an action for the conversion by defendant, of certain railroad ties, where the evidence tended to prove that the employees of defendant, while engaged in its service building a switch track connected with its main track, used plaintiff's ties for that purpose, claiming that they belonged to their principal, the jury might well have inferred that the appropriation was made by defendant's agents while acting within the scope of their employment.

2. **Nondirection.** The court is not required to instruct the jury in civil cases, except upon the request of the parties; and its failure to do so, in the absence of such request, is not error.

3. **Conversion**: DAMAGES: INSTRUCTION. Under section 4430, Revised Statutes 1889, it is left for the jury to say whether or not interest shall be allowed in cases like the one at bar; and the court erred in requiring the jury, by peremptory instruction, to find interest over and above the value of the property at the time of the conversion.

4. **Evidence**: RES GESTAE. Statements by parties acting as defendant's servants, made while engaged in performing the very act which was the subject of the litigation, were admissible as *res gestae*.

*Appeal from the St. Louis City Circuit Court.*—HON. HORATIO D. WOOD, Judge.

AFFIRMED, conditionally upon respondent's filing, a remittitur for the sum found by the jury as interest, within ten days after the filing of opinion.

*Geo. S. Grover* for appellant.

Upon the undisputed testimony in this record, the plaintiff should have been nonsuited. Story on Ag'cy [9 Ed.], secs. 11, 309, 318, 456, and citations; *Brown v. R'y*, 67 Mo. 122; *Sewing Machine Co. v. R'y*, 70 *Id*. 672; *Express Co. v. Bank*, 66 Mo. App. 275; *Farber v. R'y*, 32 *Id*. 378; *Same v. Same*, 116 Mo. 81; *Walker v. R'y*, 121 *Id*. 575; *Leonard v. R'y*, 68 Mo. App. 48.

The instruction did not cover any issue in the cause, except that of the amount of damages to be recovered. For this reason defendant was deprived of a fair trial. *Hohstadt v. Daggs*, 50 Mo. App. 240.

Brief for respondent. Name of attorney not given.

The allowance of interest by instruction was proper. *Hendricks v. Evans*, 46 Mo. App. (quoting *Walker v. Borland*, 21 Mo. 289) 313, 318; *Watson v. Harmon*, 85 Mo. 443, 447; citing, Suth. on Dam. 174; *State ex rel. v. Smith*, 31 Mo. 566; *Spencer v. Vance*, 57 *Id*. 427; *Walker v. Borland*, *supra; Baker v. R'y*, 52 Mo. App. 602, 607, and citations.

The appellate court will not reverse because of such instruction. *State ex rel. v. Hope*, 121 Mo. 34, 42.

The trial court is not required in a civil case to give instructions on certain branches of the case, unless requested to do so by the parties. *Hurst v. Scammon, Bailey & Co.*, 63 Mo. App. 634; *Wright v. Gillespie*, 43 *Id.* 244, 253, and citations; *Tethenow v. R'y*, 98 Mo. 74, 86; *Hyde v. Book & News Co.*, 32 Mo. App. 298, and citations.

The petiton states a cause of action in conversion. R. S. 1889, sec. 6138; *Norman v. Horn*, 36 Mo. App. 419; *Warwick v. Baker*, 42 *Id.* 439, and citations.

The conversations between Hogan and the railroad men were admissible as *res gestae*. *Kleiber v. R'y*, 107 Mo. 240, 254; *State v. Duncan*, 116 *Id.* 288; *Thomas v. Wheeler*, 47 *Id.* 363, and citations.

Proof of the wrongful taking establishes the conversion. *Norman v. Horn, supra; McLachlin v. Barker*, 64 Mo. App. 511, 521; *Warwick v. Baker, supra*, and citations.

Defendant can not claim that the employees went outside of the scope of their employment in taking the ties. *Baker v. R'y*, 52 Mo. App., and citations. See, also, as to presumption of ratification of acts of agent by corporation. *Bank v. Bank*, 107 Mo. 133–145, and citation.

BOND, J.—Plaintiff's statement before a justice of the peace alleges a conversion by defendant of certain railroad ties of the value of $82.50. Defendant suffered a default in the justice's court and appealed from a judgment against it to the circuit court, whereupon a trial *de novo* a verdict and judgment were rendered for plaintiff for $82.50 damages and $8.50 interest, from which defendant appealed to this court.

Appellant insists that the court erred in refusing to

sustain a demurrer to the evidence. It is well settled that a principal is not liable for the torts or negligences of his agent beyond the scope of the apparent authority conferred, unless such acts are subsequently ratified or adopted.

CONVERSION: agency: evidence: inference.

The evidence, however, in this case tends to prove that the employees of the defendant while engaged in its service and using its utensils and building a switch track connected with defendant's main track, used the ties in controversy for that purpose, claiming that they belonged to the principal; that the persons who took the ties were section men in the employ of the defendant as track layers before and after and while the plaintiff's ties were being taken. From these and other facts in the record the jury might well have inferred that the appropriation of plaintiff's ties was made by defendant's agents while acting within the scope of their employment. *Baker v. R'y*, 52 Mo. App. *loc. cit.* 608. The point under review is therefore ruled against appellant.

It is further urged by appellant that error supervened on the trial of this case because the plaintiff only asked an instruction as to the measure of damages and the form of a verdict. It is contended that plaintiff, by other instructions, should have presented all the issues made by the pleadings. This view is erroneous. On the trial of civil cases the court is not required to instruct the jury except upon the request of the parties. As the plaintiff asked for no other instructions than the one given the court was not obliged to give any other on its behalf. If the defendant desired any or all of the issues joined to be presented by instructions, it should have framed appropriate requests in writing for that purpose. This was not done in the present case, wherefore defendant is in no position to complain that all the issues were

NONDIRECTION.

not submitted to the jury. Nondirection in civil cases is never reversible error. R. S. 1889, sec. 2188; *Nolan v. Johns*, 126 Mo. *loc. cit.* 166; *Browning v. R'y*, 124 Mo. *loc. cit.* 72; *Coleman v. Drane*, 116 Mo. *loc. cit.* 394; *R'y v. Town-Site Co.*, 103 Mo. *loc. cit.* 468; *Tetherow v. R'y*, 98 Mo. *loc. cit.* 86; *Hurst v. Scammon, Bailey & Co.*, 63 Mo. App. 636; *Storck v. Mesker*, 55 Mo. App. *loc. cit.* 38. It is, however, indispensable that those instructions which are given should be correct.

CONVERSION: damages: instruction. There was a technical defect in the one given in this case, in so far as it purported to state the measure of damages, which arose out of the overlooking by the court and counsel of the language of section 4430, Revised Statutes 1889, which statute also seems to have been overlooked in all of the decisions of the supreme court prior to the case of *State ex rel. v. Hope*, 121 Mo. 34. In that case attention is called to the provisions of the statute whereby the law leaves it for the jury to say whether or not interest shall be given in actions like the present. They were deprived of this option by the peremptory terms of the instruction of the trial court requiring them to find interest over and above the value of the goods at the time of the conversion or seizure. Respondent concedes this defect in the instruction and offers to remit in this court the sum found by the jury as interest. If this remittitur is filed within ten days after the filing of this opinion the judgment of the circuit court will not be reversed on account of the instruction under review.

An exception was saved by appellant to the ruling of the court in permitting a witness for plaintiff to testify as to what was said by the section men when

EVIDENCE: res gestae. they were *"in the act of putting them* (plaintiff's ties) *on the car."* This point is not argued in the brief of the learned

counsel for appellant, though adverted to in his oral argument. It is clearly untenable. The statements made by the parties acting as defendant's servants while they were performing the very act in litigation were admissible under all the rules applicable to *res gestae*. *Larson v. R'y*, 110 Mo. *loc. cit.* 234; *State v. Martin*, 124 Mo. *loc. cit.* 525; *Bergeman v. R'y*, 104 Mo. *loc. cit.* 77; 1 Wharton's Law Evidence, sec. 2591. The result is that the judgment in this case will be affirmed, provided respondent remits the interest found in its favor as hereinbefore suggested, otherwise the judgment will be reversed and the cause remanded. All concur.