MARION, Respondent, v. ST. LOUIS & SAN FRAN-
CISCO RAILROAD COMPANY et al., Appellants.

St. Louis Court of Appeals, April 16, 1907.

PRACTICE: Instruction: Failure to Instruct. On the trial of a civil
case the court is not required to instruct the jury except upon
the request of the parties. In an action for damages against
a railroad company for killing stock, where the plaintiff asked
no instruction and the court refused to give instructions upon
its own motion, the defendant could not complain that all the
issues arising in the case were not submitted to the jury.

Appeal from New Madrid Circuit Court.—*Hon. Henry
C. Riley,* Judge.

AFFIRMED.

*L. F. Parker* and *Moses Whybark* for appellants.

(1)   This suit was brought in the circuit court,
and not before a justice of the peace, under the Double
Damage Statute, which is a penal statute. R. S. 1899,
sec. 1105; Barnett v. Railroad, 68 Mo. 56. The statute
defines what a lawful fence shall be. R. S. 1899, sec.
3295. In a case of this nature it has been held that the
court should instruct the jury, and not leave them to
grope their way unaided through the testimony in order
to determine what they should take into consideration
in making up their verdict. Rains v. Railroad, 71 Mo.
169.   (2)   If the facts are disputed, instructions are al-
ways required. McQuillin on Instructions, p. 5, sec. 7.
And it is the duty of the court to instruct the jury when
required. 11 Enc. Pl. and Pr. pp. 213, 214. But in the
case at bar the plaintiff refused to offer any instructions
on a penal statute, which, in its nature, is criminal, and
the court sustained him in that conduct; and then the
court refused to instruct the jury, although requested to
do so by the defendant. This, we submit, is not the law.

Bindbeutal .v. Railway, 43 Mo. App. 463.    Mitchell v.
Bradstreet Co., 116 Mo. 226; Coleman v. Drane, 116 Mo.
387; Nolan v. Johns, 126 Mo. 159; Browning v. Railroad,
124 Mo. 55; Boettger v. Iron Co., 124 Mo. 87; Tetherow
v. Railroad, 98 Mo. 74.

*J. V. Conran* for respondent.

STATEMENT.—The petition is as follows (omitting
caption) :

"Plaintiff for cause of action states that on the day
of ——, 1904, the defendants were and still are corpora-
tions running and operating a railroad, and running
trains of cars through the township of LaFont, in New
Madrid county, in the State of Missouri; that on said
day the plaintiff was the owner of the following personal
property to-wit:   six hogs of the value of twenty dollars;
that said hogs on said day strayed in and upon the
tracks and grounds occupied by the said railroad of de-
fendant, at a point where said road. passes through,
along or adjoining inclosed or cultivated fields, or unin-
closed lands, at and in the township of LaFont, in New
Madrid county, Missouri, and at a point where said de-
fendants were by law required to erect and maintain
good and lawful fences along the sides of their railroad,
and to construct sufficient cattle guards, and not a pub-
lic road crossing, nor within the switch limits of any
station, nor within the limits of any incorporated city,
town or village.   The said hogs on said day strayed and
went in and upon the tracks and grounds by reason of
the failure and neglect of the defendants to erect and
maintain the good and lawful fences aforesaid along the
side of their said railroad, and to construct sufficient
cattle-guards where said hogs entered upon the same as
aforesaid.   That defendants, by their agents and ser-
vants, run their engine and cars upon and against said
hogs at said point in LaFont township, in New Madrid

county, in the State of Missouri, on the — day of ————,
1904, thereby killing said hogs to plaintiff's damages in
the sum of twenty dollars.

"Wherefore the plaintiff prays damages in the sum
of forty dollars, being double the damages sustained by
him, and for costs."

The answer admitted defendants were corporations
but denied all other obligations of the petition.

Plaintiff's evidence tended to prove the allegations
of his petition and was sufficient to authorize the jury
to find a verdict in his favor. There was no countervail-
ing evidence except as to the value of the hogs killed.
At the close of the evidence, defendants offered a demur-
rer to the evidence which the court overruled.

The court gave the following instruction for plain-
tiff:

"The court instructs the jury that in arriving at
their verdict they should take into consideration the ev-
idence as detailed from the witness stand by the wit-
nesses and should not in any way be influenced by state-
ments made to them by the parties outside of the trial of
this case."

The plaintiff offered no other instructions. There-
upon defendants requested the court to require the
plaintiff to present instructions, showing upon what
ground he sought to recover, before the jury, which the
court declined to do and to which defendants excepted.
Defendants then requested the court to instruct the jury
as to the law of the case upon which plaintiff's right
against recovery could be based under the evidence and
the law, which the court refused to do, and to which de-
fendants excepted at the time; and the jury were there-
fore left without any instructions on this feature of the
case.

Defendants asked the following instructions, which
the court gave:

"1.   The court instructs the jury that you are the

sole judges of the weight to be given to the testimony of
the witnesses, as well as their credibility; and while the
opinions of the market value of the hog sued for are ad-
missible, yet you are not bound by such opinions, and
you may reject them if they appear to be unreasonable,
and form your own conclusions of the value of the hog
sued for, if you find the issues for the plaintiff, from all
the facts and circumstances in evidence in the case.

"2.   That if you find the issues for the plaintiff,
then in determining the value of his pigs you will not
consider the value of them to him, but their reasonable
market value where and when killed, which you will de-
termine from the age, size and stock of the pigs, togeth-
er with all other facts and circumstances in the case."

The jury found for plaintiff and assessed his dam-
ages at twelve dollars.

BLAND, P. J. (after stating the facts.)—1.   De-
fendants contend that the court erred in refusing to in-
struct the jury on the theory of plaintiff's case, and on
what ground he was entitled to recover.   Section 748,
Revised Statutes 1899, provides: "When the evidence
is concluded, and before the case is argued or submitted,
.   .   .   .   either party may move the court to give in-
structions on any point of law arising in the cause,
which shall be in writing and shall be given or refused.
The court may of its own motion give like instructions,"
etc.   In Eagle Construction Company v. Railroad, 71
Mo. App. 626, the plaintiff only asked an instruction as
to the measure of damages.   On appeal it was contended
that plaintiff, by other instructions, should have pre-
sented all the issues made by the pleadings.   This court,
through BOND, J., at pages 629-30, said: "This view is
erroneous.   On the trial of civil cases the court is not re-
quired to instruct the jury except upon the request of
the parties.   As the plaintiff asked for no other instruc-
tions than the one given the court was not obliged to

give any other on its behalf. If the defendant desired any or all of the issues joined to be presented by instructions, it should have framed appropriate requests in writing for that purpose. This was not done in the present case, wherefore defendant is in no position to complain that all the issues were not submitted to the jury. Non-direction in civil cases is never reversible error. [R. S. 1889, sec. 2188; Nolan v. Johns, 126 Mo. loc. cit. 166, 28 S. W. 492; Browning v. Railway, 124 Mo. loc. cit. 72, 27 S. W. 644; Coleman v. Drane, 116 Mo. loc. cit. 394, 22 S. W. 801; Railway v. Townsite Co., 103 Mo. loc. cit. 468, 15 S. W. 437; Tetherow v. Railway, 98 Mo. loc. cit. 86, 11 S. W. 310; Hurst v. Scammon, Bailey & Co,. 63 Mo. App. 636; Storck v. Mesker, 55 Mo. App. loc. cit. 39.]" The cases cited in the opinion support the text, which we think is in accord with section 748, Revised Statutes 1899. A request for instructions under this section can only be legally and properly made by submitting the request in writing, embodying the instructions the mover thinks the court should give. The petition stated every fact contained in the statute on which it is based, essential, to plaintiff's right of recovery and though it is inartificially drawn and possibly open to attack by demurrer, we entertain no doubt that it is sufficient after verdict and judgment. No reversible error appearing, the judgment is affirmed. All concur.