S. S. WARRINGTON, Respondent, v. JOHN KALLANER, Appellant.

Kansas City Court of Appeals, January 11, 1909.

TRIAL PRACTICE: Instructions: Conversion: Excluding Defense. Plaintiff sued for the conversion of a house-moving outfit. There was a defense that defendant held it to secure advancements. The court instructed the jury that if plaintiff loaned the outfit and the defendant converted the same the verdict should be for the plaintiff. *Held*, error, because it excluded defense tendered by the evidence and the fact that defendant asked no instructions did not alter the case since plaintiff's instructions must be correct.

Appeal from Buchanan Circuit Court.—*Hon. Henry M. Ramey*, Judge.

REVERSED AND REMANDED.

*E. M. Swartz* for appellant.

(1) As defendant in his answer and evidence admitted conversion and nonpayment, plaintiff's instruction 1 was equivalent to a peremptory charge. It is no answer to this to say that the defendant might have asked instructions. He was not bound to do so. Griffith v. Conway, 45 Mo. App. 574; Sullivan v. Railroad, 88 Mo. 169; Mallman v. Harris, 65 Mo. App. 128; Cultivator Co. v. Railway, 64 Mo. App. 305; Fitzgerald v. Hayward, 50 Mo. 524.

*Kendall B. Randolph* for respondent.

(1)   Appellant's contention that the first instruction given for the plaintiff was equivalent to a peremptory charge to the jury to find for the plaintiff is not well taken, and neither is any objection he makes to that instruction.   That instruction states plainly that if plaintiff loaned his house moving outfit to defendant and that defendant converted same to his own use, then he is liable to the plaintiff therefor.   That does not exclude the defendant's theory that they were pledged, and would not have been in conflict with any instruction the defendant might have asked with reference to the property having been pledged.   The instruction was entirely correct, and states a correct proposition of law.

BROADDUS, P. J.—The plaintiff sues to recover the value of a house-moving outfit of the alleged value of $250.   It appears that defendant employed plaintiff to move a certain house, for which he was to pay him $250 and that the outfit was left by plaintiff in defendant's possession, who sold the same and converted the proceeds to his own use.

The defendant pleads several defenses, viz.:   That he advanced to plaintiff $100 to enable him to carry on the work; that he advanced him $10 to pay the license fee to the city of St. Joseph for a permit to remove the house; that he advanced $115 to pay the wages of plaintiff's workmen; that a part of the material plaintiff used in the work was borrowed from one, Kepler, and defendant was plaintiff's security to the effect that he would pay the said Kepler for all damage done to the said material, and that plaintiff did damage to the same to the extent of $45, which sum plaintiff paid to the said Kepler for such damage; that defendant holds said outfit as part security for plaintiff's failure to complete the removal of said house; and that he was

further damaged in the sum of $100 by reason of the damage done to said house occasioned by the negligent manner in which plaintiff undertook to move it. The trial resulted in judgment for the plaintiff in the sum of $285.50, of which sum plaintiff entered a remittitur of $103.50, from all which defendant appealed.

The evidence tended to show that plaintiff had a contract with defendant whereby he was to move a certain house a distance of eight blocks in the city of St. Joseph; that the contract obligated defendant to furnish plaintiff a clear right of way in removing the limbs of trees and attending to the elevating of telephone and electric wires that might be in the way; that defendant at about the beginning of the work advanced to plaintiff the sum of $100; that while moving the house plaintiff encountered an obstacle of the character mentioned, which prevented the further progress of the work; that defendant refused to remove the obstacle and plaintiff abandoned the contract; that he loaned to defendant the outfit and material; that defendant completed the work; that he refused to return the property to plaintiff, but sold it, thereby converting it to his own use, and that the property was worth from $115 to $125. Defendant's evidence tended to support the allegations of his answer.

At the instance of plaintiff, the court instructed the jury as follows: "The court instructs the jury that if they believe from the evidence that plaintiff loaned his house-moving outfit, consisting of the articles mentioned in the petition, to defendant, and that the defendant converted the same to his own use and has not paid plaintiff therefor, then your verdict should be for the plaintiff for the value of the said house-moving outfit, not exceeding $250."

The giving of this instruction is assigned as error and the assignment is well founded. Under this instruction, all the jury had to do was to find the value of the property as the ownership of plaintiff and conver-

sion of the property were practically admitted by defendant. Notwithstanding the jury may have believed that the property had been pledged to defendant, they were under said instruction required to return a verdict for plaintiff, and thus cut off defendant's defense that the property was held by him as pledgee.

The defendant asked no instruction; therefore, the court was not bound to give any in his behalf, the case being a civil proceeding. Nevertheless, he did not waive any well-founded objections he may have had to those given, as it is indispensable that they should be correct. [Construction Co. v. Railroad, 71 Mo. App. 626.]

Other objections raised by defendant are not well founded. For the error mentioned, the cause is reversed and remanded. All concur.