## J. B. SIMPSON, Appellant, v. HARRY J. STEWART et al.

### Division One, March 2, 1920.

1. **LOST CORNERS: Conflict Between Statute and Land Office Rule.**
If the statute pertaining to the re-establishment of decayed corners
of surveyed lands (Sec. 11322, R. S. 1909) operated to change the
boundaries of United States surveys, so that one who purchased
land according to those surveys would be divested of a portion of
it, and another who did not purchase such portion would be in-
vested with it, the statute, in so far as. it conflicts with the rules
of the General Land Office pertaining to the re-establishment of
lost corners, would be void; but the statute can have no application
where the original boundaries are known or can be ascertained,
for before it can be invoked it must appear that the corner is not
merely obliterated, but is *lost*—that is, that its *locus* cannot be
determined either from the plat and field notes of the original
survey, or by any competent extrinsic evidence.

2. ———: ———: **Statute Paramount.** The rule of the General Land
Office is controlling in every instance in which it is sought to
re-establish a lost internal section corner on the public lands of
the United States; but as to lands within the State whose titles
have passed to private owners and the jurisdiction of the U. S.
Government in reference thereto has ceased, the statute is, in a
sense, a rule of evidence, and, in cases in which it is applicable,
is obligatory upon the courts.

Appeal from New Madrid Circuit Court.—*Hon. Sterling H. McCarty,* Judge.

AFFIRMED.

*Gallivan & Finch* for appellant.

(1) The surveying, and sectionizing of the public lands was under Government supervision and control and any State law which would change the corner or produce a different result is inoperative and void. Knight v. Elliott, 57 Mo. 326; Frazier v. Bryant, 59 Mo. 124; Lemmon v. Hartsock, 80 Mo. 18. (2) Sec. 11322, R. S. 1909, will not establish a lost corner at the place originally established and will produce a different result and is therefore inoperative. Rule 56, General Land Office; Cases supra; Major v. Watson, 73 Mo. 664. (3) Where there is no substantial evidence of the location of a lost corner it is a lost or destroyed corner. (4) The court having ignored both the state statute and the rules of the General Land Office the finding cannot stand.

*Riley & Riley* for respondent.

(1) Section 11322 is not in conflict with the laws of the United States or the rules of the Land Office on the subject of lost section corners. Frazier v. Bryant, 59 Mo. 132; Clark v. McAtee, 227 Mo. 185. (2) The proof in this case shows that the lost corner was found and that it was at the point on the line running south from the northwest corner of Section 27, which places the corner at the places where the witnesses Steel and Robbins say it is.

RAGLAND, C.—This is an action at law, to quiet title and in ejectment. Both counts of the petition are conventional. The land is described as a strip off of the

west side of Section Thirty-four, Township Twenty-four, Range Thirteen, New Madrid County, Missouri, in the shape of a triangle about eighty rods wide at the north end and running to a point at the south end of said section. The answer is a general denial. The controversy grows out of a dispute as to the location of the boundary line between Sections Thirty-four, and Thirty-three, Township Twenty-four, Range Thirteen. The plaintiff owns Section Thirty-four and the defendant Section Thirty-three. If the boundary is where plaintiff claims that it is, the land in controversy is in Section Thirty-four and consequently belongs to him; otherwise, it is in Section Thirty-three and belongs to defendants. The uncertainty existing as to the location of the line that forms the east boundary of the one and the west boundary of the other of these sections, results from the inability of the parties to find the Government corner between the north ends. No visible evidence remains of the work of the original surveyor in establishing it, nor has its *situs* been preserved by subsequent surveys or otherwise. It cannot be located from the field notes, nor by extrinsic evidence. While there was some evidence offered by the defendants touching the identification of a certain elm tree as one of the witness trees referred to in the field notes, it was of such a vague and inconclusive character as not to amount to proof. So that plaintiff insists, and defendants in effect concede, that the corner is not merely obliterated, but is lost and must be re-established.

Rule 56 of the Rules of the General Land Office of the United States, revision of June 1, 1909, relating to the re-establishment of lost corners, provides: "When a number of corners are missing on all sides of the one sought to be re-established, the entire distance must, of course, be remeasured between the nearest existing recognized corners, both north and south, and east and west, in accordance with the rule laid down, and the new corner re-established by proportionate measurement." Section 11322, Revised Statutes, 1909, contains, among others,

this provision: ''When several adjacent corners are decayed, it shall be legal to commence at any two of the nearest township, section or quarter-section corners to the corner sought, and in transverse directions therefrom, and run in the direction thereof, on the general course of lines in the township in which the survey is to be made, until the lines intersect, always, however, taking into consideration the fallings of the east and west lines, which point of intersection shall be the legal corner.'' The nearest known corners to the missing corner in question are the northeast corner of Section Thirty-four and the quarter section corner between sections Thirty and Thirty-one, on the east and west line, and the northwest corner of Section Twenty-seven and the southwest corner of Section Thirty-four, on the north and south line. At the instance of plaintiff, Murray and Wade Kochtitzky, two practical surveyors, following the rule prescribed by the General Land Office, located the lost corner at a point 82.27½ chains north of the southwest corner of Section Thirty-four and 78.83 chains east of the northeast corner of said section. They both testified that, had they followed the statutory rule they would have located the corner about five chains east of the point at which they did place it. Otto Kochtitzky, a civil engineer and surveyor, testifying for plaintiff somewhat in the character of an expert as to the proper method of relocating lost corners, stated in effect that if the statutory rule were followed the missing corner would be placed about five chains east of where Murray located it. Steele, the county surveyor of New Madrid County, and Robbins, a practical surveyor, at the request of defendants, following methods of their own, which did not conform to either the statute or the rule of the Land Office, located the corner 4 chains and 60 links east of where Murray located it. Robbins testified that, if the method adopted by Murray was the proper one, the corner should be re-established at the point the latter fixed. Steele tacitly agreed to the same thing. The triangular piece of land, lying between the lines drawn from Mur-

ray's corner and Steele's corner, respectively, to the southwest corner of Section Thirty-four, is the land in dispute. The defendants are in possession.

The case was tried to the court. The finding and judgment were for defendants and plaintiff appeals.

At the request of the parties the court gave a number of declarations of law, and it is the giving of those asked by defendants of which, appellant predicates error. The facts for all practical purposes stand conceded, viz: Murray correctly re-established the corner according to the Land Office rule; Steele's relocation is the one that would have resulted from the application of the statutory rule. The question that is decisive of the case and of this appeal is, which rule on these facts is controlling? It would be futile, therefore, to take up in detail for consideration the correctness of the court's rulings in respect to the declarations of law. The record as a whole clearly presents the one controlling question of law in the case.

I. It is appellant's contention that the statute in question, in so far as it conflicts with the rules of the General Land Office is void. If the statutes operated to change the boundaries of United States surveys, so that one man who purchased land according to Government Statute and survey would be thereby divested of a portion Land Office of it, and another who did not purchase such Rule. portion would be invested with it, the contention would be sound. [Knight v. Elliott, 57 Mo. 317, 326; Lemmon v. Hartsook, 80 Mo. 13, 19.] But the statute can have no application where the original boundaries are known or can be ascertained. Before it can be invoked, it must appear that a corner is not merely obliterated, but *lost*, that is, that its *locus* cannot be determined either from the plat and field notes of the original survey, or by any competent extrinsic evidence. The rule of the Land Office under consideration is likewise applicable only in the case of a lost corner. The method it prescribes is not the method employed by the surveyor in

originally establishing such a corner; it is not merely such a retracing of his steps as would indubitably lead to the *locus* sought.   There is not the slightest ground for asserting that the rule, any more than the statute, will determine the exact point at which a missing corner was originally located. Both were adopted as a means of re-establishing *lost internal* section corners, and, while the original *situs* can be ascertained by neither, an approximation thereof according to the general course of the lines of the township can be made by the more or less arbitrary rule prescribed by each, though the results reached by the several applications of the two rules would not in all cases be the same.  That the rule of the General Land Office is controlling in every instance where it is sought to re-establish a lost internal section corner on the public lands of the United States is beyond question.  But as to lands in this State, the titles to which have passed to private owners and the jurisdiction of the General Government in respect to the surveys thereof has ceased, the rule can be regarded as advisory only.   The statute on the contrary is, in a sense, a rule of evidence prescribed by the Legislature and, in cases in which it is applicable, it is obligatory upon the courts to give it effect.   It may be that the rule of the Land Office is more equitable, in that, it tends to more ratably apportion the land among the sections affected where the original boundaries cannot be ascertained, but, if so, it is a matter that addresses itself exclusively to the wisdom of the Legislature.

II.  While the judgment of the trial court is in accord with the views herein expressed, it is somewhat ambiguous.   As it in effect establishes the north section corner between Sections Thirty-three and Thirty-four, the finding therein recited should more specifi-
*Judgment.* cally conform to the conceded facts in proof, to the end that confusion and further dissention may, if possible, be avoided. The judgment will according be modified by striking out the words " described therein is a part

of Section Thirty-three, Township Twenty-four north, of Range Thirteen east, in New Madrid County, Missouri," in the first paragraph thereof, where they occur between the words "land" and "and that," and inserting in lieu thereof the following: "in controversy herein is not in Section Thirty-four as alleged in the petition, but is a strip off of the east side of Section Thirty-three, Township Twenty-four, Range Thirteen, in New Madrid County, Missouri, in the form of a triangle, being 4 chains and 60 links wide at the north end and running to a point at the south end of said section," and by striking out the word "therein," where the same occurs in the fourth paragraph between the words "land" and "described," and inserting in lieu thereof the word "hereinbefore." As so modified the judgment is affirmed. *Brown* and *Small, CC.,* concur.

PER CURIAM:—The foregoing opinion of RAGLAND, C., is adopted as the opinion of the court. All of the judges concur.