## ST. FRANCIS LEVEE DISTRICT v. ARCADIA TIMBER COMPANY.

Springfield Court of Appeals, June 26, 1923.

1. **LEVEES AND FLOOD CONTROL:** Description of Boundary of Levee District Held Sufficient. A description of boundary of levee district as a line running "from the south boundary line of section 20" thence "east to the quarter section corner in the south boundary line of section 21," thence north, etc., *held* sufficient as against the contention that there were three quarter section corners on the south boundary line of section 21, and that it was impossible to determine which one of the three corners the description referred to, the section corners not being quarter section corners, in view of Revised Statutes 1919, secs. 12732, 12739.

2. ———: Statute Held not One of Limitations. Sess. Laws 1913, p. 305 sec. 24, R. S. 1919, sec. 4621, providing that an action on levee district's delinquent tax bills shall be brought within six months after the 31st of December of the year for which the taxes were levied, does not bar an action by the district for delinquent taxes subsequent to the expiration of such six-month period, such statute being merely directory, and not a Statute of Limitations, in view of section 4496.

3. ———: Recovery of Taxes not Precluded by Failure to Show Delinquency Where There was no Issue as to Payment. In levee district's action for delinquent taxes in which there was no issue as to payment and the case was tried on the theory that the organization

was not proper, that ho jurisdiction was acquired, and that the action was barred by limitations, the mere fact that the district introduced in evidence the back tax books, and that they did not show the taxes on defendant's land were delinquent, *held* not to preclude recovery, as against the contention that the failure to show that the taxes were delinquent constituted an admission that there were no taxes due.

4. ———: **Land Description Held Indefinite.** Description of land on which levee tax was imposed as to two and ninety-five hundredths acres in the northwest corner of the northeast quarter of the northeast quarter of section 33, and two hundred eleven and eighty-five hundredths acres in the north fractional south half N. L. R. O., *held* too indefinite, since a stranger could not locate the land from the descriptions.

Appeal from the Circuit Court of Dunklin County.— *Hon. W. S. C. Walker*, Judge.

AFFIRMED.

*McKay & Jones* and *Buder & Buder* for appellant.

*Ward & Reeves* for respondent.

FARRINGTON, J.—This suit was brought by the respondent for delinquent levee taxes due for the years 1915, 1916 and 1917 on land owned by the defendant in Dunklin County, Missouri. The answer, after a general denial, contained a number of special defenses.

There are three grounds raised here on this appeal on which is sought a reversal of the judgment which went for plaintiff below. First, that the court erred in holding, from the evidence in the cause, that the lands involved in this suit lie within the boundaries of the St. Francis Levee District of Missouri. On this question the appellant points to the description given in the organization of the District, wherein it describes one of the boundary lines as running "from the south boundary

215 Mo. App.—24.

line of Section 20," thence "east to the quarter Section corner in the South boundary line of Section 21," thence north, etc., contending that there are three quarter section corners on the south boundary line of section 21, and that from the description it would be impossible to determine which one of the quarter section corners the decree of organization referred to. To sustain this proposition, we are cited to the case of City of Laddonia v. Day, 265 Mo. 383, 178 S. W. 741, wherein Judge WOODSON, in rendering the opinion, held that there were three quarter section corners on the east side of a section. This ruling was not a decisive point in that case and as it is contrary to the statutes of this State, the rule established by the federal government, and other decisions of the Supreme Court, we are not required to and will not follow it.

On turning to our statutes, we find under section 12739, Revised Statutes 1919, that quarter section corners have a certain place in the description of land in fixing surveys, and that they are not section corners. Turning, also, to section 12732, it would lead to running section lines from the center of a section diagonally to the corners of a section, if such corners of a section were also designated to be 'quarter section corners. In the latter part of the last section quoted, the direction is to start from the center corner of a section and run true lines from the center to the quarter section corners. This, of course means to run the lines from the center of the sections to the medium point on the section lines, north, east, south and west. A number of cases in Missouri have used the term "quarter section corners" which referred to the corners made by the lines run from the center of the section to the respective sides thereof, striking them at the medium point. [Simpson v. Stewart, 281 Mo. 228, 219 S. W. 589; Akins v. Adams, 256 Mo. 16, 164 S. W. 603; Pemiscot County v. Lumber Co., 240 Mo. 377, 144 S. W. 857.] We must, therefore, rule this point against the appellant.

The next is the most serious contention made, which is that the Statute of Limitations had run at the time this suit was filed against the taxes which were due for the years 1916 and 1917. We are cited by appellant to a number of cases which lay down the rule that a special Statute of Limitation, which is one of extinguishment, will control over a general statute concerning the subject to which it refers. We are then cited to section 24, page 305, Session Laws of the State of Missouri of 1913, under which section appellant claims that the special Statute of Limitation is fixed at six months, and that the suit having been brought after that period had run as to the years 1916 and 1917, the action was barred. No authorities are cited under this section. Respondent cites a number of authorities under a kindred statute, that is section 5599, Revised Statutes 1909, and section 5600 of Revised Statutes 1909; which hold that the statute is merely directory and is not a bar to a suit begun after six months from the time the action accrued. [See Drainage Dist. v. County, 269 Mo. 78, 189 S. W. 1176; State ex rel. v. Keithley, et al., 204 S. W. 376; Drainage Dist. v. County, 216 S. W. 949.]

We do not regard the language of the act of 1913 (which may also be found in section 4621, Revised Statutes 1919) to be of such difference as to require a different ruling than sections 5599 and 5600, Revised Statutes 1909, now section 4496, Revised Statutes 1919. The subject-matter with which the two sections are dealing is practically the same and there is no apparent reason which we can discover that would require a different ruling. We rule this contention against appellant.

It is contended that the appellant introduced in evidence the back tax books and that they did not show that the taxes on this land were delinquent, which appellant contends is an admission that there are no taxes due. The statute makes the levee tax book and delinquent tax bill prima-facie evidence. No objections were made to their introduction. There was no plea of payment, and in fact the whole case was not tried on the theory that

the taxes had been paid or were not delinquent, but was tried on the theory that the organization was not proper; that no jurisdiction was acquired, and the limitation had run.

Appellant raises the question of insufficient description on a number of tracts of land. We have examined these descriptions and find the following two for the years 1915, 1916 and 1917 improperly described: One of the descriptions is two and ninety-five hundredths acres in the northwest corner of the Northeast quarter of the Northeast Quarter of Section 33; the other is two hundred eleven and eighty-five hundredths acres in the North fractional South half N. L. R. O. These two descriptions are indefinite, and a stranger could not take them and locate the land. The amount of the taxes for the three years on these plots of ground amount to $215.69. With the remittitur already made in the trial court, and this remittitur of $215.69 here, we think will cure all error the appellant can complain of. If appellant will, within ten days from the handing down of this opinion, remit the amount of $215.69, the judgment will be affirmed. *Cox, P. J.,* and *Bradley, J.,* concur.