EVERETT B. GEE, RESPONDENT, v. P. F. SHERMAN ET AL., APPELLANTS.*

In the Springfield Court of Appeals. April 7, 1927.

*Corpus Juris-Cyc. References: Appeal and Error, 4CJ, p. 858, n. 3; Boundaries, 9CJ, p. 261, n. 60 New; p. 288, n. 7; p. 290, n. 16; Evidence, 22CJ, p. 993, n. 90; p. 994, n. 95; Trial, 38Cyc, p. 1545, n. 81.

*Gallivan & Finch* for appellants.

*Sharp & Baynes* for respondent.

BAILEY, J.—This is a suit to recover damages for the willful removal of timber from certain uncultivated land in New Madrid county, brought against P. F. Sherman, R. F. Sherman and P. F. Sherman, Jr., alleged to have been partners. Defendant, P. F. Sherman, filed a general denial, the other defendants failing to answer. The cause was tried before a jury resulting in a verdict and judgment for plaintiff in the sum of six hundred seventeen and 50/100 dollars. Defendants have appealed.

Error is assigned in refusing an instruction in the nature of a demurrer to the evidence and in the admission of evidence. Defendant, P. F. Sherman, offered no written instruction in the nature of a demurrer to the evidence but, *ore tenus,* moved the court to so instruct the jury. A demurrer of this character does not meet the requirements of the statute that all instructions shall be in writing. [Sec. 1417, R. S. 1919; St. Louis Union Trust Co. v. Merritt, 158 Mo. App. 648, 138 S. W. 824; Marion v. Railroad, 124 Mo. App. 445, 101 S. W. 688; Leahy v. Winkel, 251 S. W. 483; Proctor v. Corman, 218 S. W. 910, 203 Mo. App. 106.] The foregoing authorities hold that a demurrer to the evidence may be offered *ore tenus* when the trial is before the court. It is not the practice, however, to offer such instructions orally when the trial is to a jury. We are, therefore, of the opinon that defendant is in no position to complain that there was no competent evidence upon which the case could be submitted to the jury.

However that may be, the question of error in the admission of evidence is before us. The evidence charged to have been erroneously admitted relates to the testimony of plaintiff as to his ownership of the land from which it is alleged defendants took the timber in question, and the testimony of the surveyors as to the boundary line

between the lands of the respective parties. If this evidence was properly admitted there can be no question that the case was one for the jury.

The boundary line in dispute in this case lies between section 36 and section 35 in Township 12 and between section 1, and section 2, in Township 22, all in Range 12, New Madrid county. Under the allegations of the petition plaintiff claimed to be the owner of the standing timber in said sections 36 and 1 (which adjoined said sections 35 and 2). He attempted to prove ownership of said sections, over defendants' objection, by his own testimony. No documentary evidence as to ownership was offered. It is true, as defendant contends that ownership of real estate or standing timber cannot, ordinarily, be proven by parol evidence. [Frazier v. Bryant, 59 Mo. 121; Clark v. McAtee, 227 Mo. 185, 127 S. W. 37; Simpson v. Stewart, 281 Mo. 228, 219 S. W. 589.] But defendants should not now be permitted to complain on that account. The issue of ownership was not raised at the trial. Plaintiff was asked questions on cross-examination indicating his ownership was not an issue. Defendant Roy Sherman, without objection, testified as to his rights in sections 35 and 2. The real question and only question concerned the boundary line between these sections. No instructions were asked raising the question of ownership but they simply submitted the proposition as to whether the timber cut was from sections 36 and 1, or from sections 35 and 2. Under such circumstances we consider the admission of parol evidence to prove title was not reversible error and that the matter of the plaintiff proving a legal paper title to the timber on sections 36 and 1, may be deemed waived. [Clark v. McAtee (supra), 227 Mo. l. c. 186, and cases cited.]

We come now to the error assigned in the admission of the evidence of three surveyors who testified for plaintiff. It seems plaintiff claimed a certain drainage ditch was the section line and that defendant cut the timber in question East of that line. Francis Steel, County surveyor, testified that he "run the line" between sections 35 and 36, starting from a known government corner at the northwest corner of section 25, running thence South two miles to the township line and thence East one mile to Range 12. He admitted there was no known government corner between section 35 and 36. His testimony was objected to as not being the proper method to establish a lost corner. He also testified that the ditch was the dividing line between section 35 and 36 and that the established government corner had been "dug up by the dredge ditch;" that if the statutory method of establishing the lost corner had been used it would have been within a few feet of the point he established as the corner. Similar testimony was given by W. B. Rossiter and Isaac Barnett, surveyors.

Defendant offered parol evidence to prove the true line between sctions 35 and 36 and 1 and 2, was in line with the McCord fence (about four rods East of the ditch), and that he had not cut timber East of that line.

It is defendants' contention that, since the statutes of Missouri provide the manner of establishing lost corners and since that method was not followed by the surveyors who testified for plaintiff, it was error to admit their testimony. We do not so understand the Missouri decisions on the question. In Krider v. Milner, 99 Mo. 145, l. c. 148, it was held that a surveyor may use the record of his former survey to refresh his memory in giving his testimony as to how he made the survey and where he found the line, although the statutory method was not used in making the survey, and that there was no error in allowing such evidence to remain in the record for that purpose. The case of Clark v. McAtee, 227 Mo. 152, holds that (quoting from the syllabus) "If surveys made by a surveyor in re-establishing the corners to Lots are not made in compliance with the provisions of the statute they are not admissible in evidence as *official surveys.*" (Italics ours) The case impliedly holds that such evidence is admissible "upon the theory that they (the surveys) were only a part of the surveyor's testimony at the trial of the cause, and that their weight depended upon his testimony." [l. c. 182.]

The case of Simpson v. Stewart, 281 Mo. 228, 219 S. W. 589, cited by defendant, simply holds that the Missouri statutory method of establishing a lost corner is paramount to the rule of the Federal General Land Office as to lands in this State, the titles to which have passed to private owners and as to which the jurisdiction of the U. S. Government has ceased. There is nothing in that case to indicate that no other evidence is admissible to prove the line between sections or sub-divisions, where the government corner is lost, except evidence based on official surveys made in the manner provided by statute. As between an official statutory survey and some other survey, upon proper proof of such official survey, it would unquestionably be paramount to any other, and prima facie correct. And if a survey had been offered as official, thereby entitled to the presumption that it was correct, and such survey had failed to follow the statutory method, it would be error to admit it as an official survey. But we have no such state of facts in this case. The surveyors testified that in their opinion the true line was the ditch; they also testified how they made the surveys by which they arrived at that conclusion. No attempt was made to prove an official survey.

Defendant offered evidence of other witnesses as to the location of the line and there was "unofficial" evidence *pro* and *con* upon the

question. It thus became a question of fact for the jury and their determination of that question must be taken as final. [Fette v. McCooley, 253 S. W. 392; Armstrong v. Batterton, 260 S. W. 80; McDaniels v. Cutburth et al., 270 S. W. 353, 360; 4 R. C. L., p. 76.]

Finding no error the judgment is affirmed.

*Cox, P. J.*, and *Bradley, J.*, concur.