**Rufus CAVANESS and Irene Cavaness, Plaintiffs-Respondents,**

**v.**

**Edwin ARMSTRONG and Harold Armstrong, Sr., Defendants-Appellants.**

**No. 9755.**

Missouri Court of Appeals, Springfield District.

July 8, 1975.

John F. Low, Lebanon, for plaintiffs-respondents.

Orville C. Winchell, Lebanon, for defendants-appellants.

BILLINGS, Chief Judge.

In this jury waived case the Circuit Court of Laclede County found and determined the defendants trespassed on plaintiffs' lands and cut and carried away timber of the value of $300. The court trebled the damages under § 537.340, RSMo 1969, V.A.M.S., and entered judgment for plaintiffs for $900. We affirm.

Defendants' first point reminds us of our scope of review in a court tried case [Rule 73.01(3)(a)]. Being an abstract statement of law with no showing of how it is related to any action or ruling of the trial court, it preserves nothing for appellate review. Rule 84.04(d); *Safe-Buy Real Estate Agency, Inc. v. Hemphill,* 498 S.W.2d 599 (Mo.App.1973).

Defendants' remaining points are likewise deficient and do not meet the standards required by the rules for appellate review. Point two states "The Court erred in not requiring the Plaintiffs to produce the 'best evidence' with regard to the property description." The last point states "The Court erred in assessing damages and failed to follow the case law in this State for the measure of damages."

We are left in judicial darkness as to "wherein" and "why" the lower court erred. The purpose of Rule 84.04(d) is to focus a beam of light on claimed errors in order that litigants and appellate courts may visibly know, by a concise summary, the issues sought to be reviewed. *Hughes v. Wilson,* 485 S.W.2d 620 (Mo.App.1972). We are not obligated and have no duty to seine through the entire brief or transcript in an effort to ascertain the points relied on. *Anderson v. State,* 493 S.W.2d 681 (Mo. App.1973).

Rather than dismiss this appeal, we have concluded, with considerable reluctance, to rule the case on its merits and consequently have read the trial transcript in its entirety, as well as the briefs of the parties and authorities cited therein.

Defendants' abortive point as to plaintiffs' ownership of the land where defendants cut and hauled away timber is fully answered by this court's decision in *Gee v. Sherman,* 221 Mo.App. 121, 293 S.W. 789 (1927). The lower court properly assessed damages under *Keener v. Black River Electric Co-operative,* 469 S.W.2d 657 (Mo.App.1971), and defendant's reliance on *Helton v. City of St. Joseph,* 340 S.W.2d 198 (Mo.App.1960) (landlord's action against tenant for waste) is misplaced in a trespass to realty suit based on Section 537.340, RSMo 1969.

The judgment is affirmed.

All concur.