Maurice E. KINGSLEY,
Plaintiff-Respondent,

v.

UNITED STATES of America,
Defendant,

and

Shirley Kingsley, Defendant-Appellant.

No. 38591.

Missouri Court of Appeals,
St. Louis District,
Division One.

May 23, 1978.

Motion for Rehearing and/or Transfer
Denied July 14, 1978.

Application to Transfer Denied
Sept. 12, 1978.

Kingsley and Shirley as a tenancy in common and ordering partition. Such an order is appealable. See Sec. 512.020 RSMo 1969.

Plaintiff filed the suit to quiet title and partition eight parcels of real estate owned by plaintiff and Shirley. The petition alleged liens against said real estate by the Internal Revenue Service arising from the joint income tax return of Maurice and Shirley for 1971 and the individual return of Maurice for 1973. The petition alleged residency of Maurice in Switzerland and Shirley in New York. The United States of America was named as a defendant. Shirley defaulted. The United States and Maurice stipulated that Maurice and Shirley had acquired the property in 1969 as "joint tenants" and that subsequently Maurice had conveyed his interest in the property and then reacquired it and that the conveyance created a tenancy in common. It was stipulated that the equity of Maurice and Shirley in the property, exclusive of the tax lien, is $150,000.

At trial the only evidence introduced was the oral testimony of Maurice's lawyer concerning the original acquisition of the property and the subsequent dealings with it by Maurice.

On appeal Shirley contends that the Court erred in ordering partition because plaintiff failed to exhibit proof of his title pursuant to Rule 96.15. We agree. Rule 96.15 provides:

> "Judgment by Default shall be Rendered—When—Proof of Title to be Exhibited. If any of the parties, duly notified according to law, shall not appear and answer within the time allowed for that purpose, the default shall be entered, but the plaintiffs shall, nevertheless, exhibit proofs of their title."

This is nearly identical to Sec. 528.150 RSMo 1969. "Exhibit" means to show or display, to offer or present for inspection, Black's Law Dictionary, 4th Edition; to present to view, show, display, Webster's 3rd New International Dictionary. It has long been the law of this state that evidence of title cannot be established by parol evidence. *Gee v. Sherman*, 221 Mo.App. 121, 293 S.W. 789 (1927); *Clark v. McAtee*, 227 Mo. 152, 127 S.W. 37 (1910).

Gideon H. Schiller, Clayton, for defendant-appellant.

William Maier, St. Louis, Joseph B. Moore, Asst. U. S. Atty., St. Louis, for plaintiff-respondent.

SMITH, Judge.

Defendant Shirley Kingsley (hereinafter Shirley) appeals from an interlocutory judgment in partition finding the property in question to be owned by plaintiff Maurice

The provision of Rule 96.15 and the statute are consistent with that rule of law. Partitions are not to be granted in the absence of documentary proof that the party seeking partition has a partitionable interest in the real estate involved. No such proof was exhibited here and the trial court erred in decreeing partition.

It is apparent that in this case the matter is of importance. At least in 1971 Maurice and Shirley were married as evidenced by their joint tax return. There is no evidence that they were not married in 1969 when they acquired the property and that they are not married now. There exists a presumption that property conveyed to a husband and wife is held by them by the entireties, *Davidson v. Eubanks,* 354 Mo. 301, 189 S.W.2d 295 (1945) [5], and a further presumption that a legal status, such as marriage, continues until the contrary is shown. *Nelson v. Jones,* 245 Mo. 579, 151 S.W. 80 (1912) [2]. Property held by the entireties is not subject to partition. *Otto F. Stifel's Union Brewing Co. v. Saxy,* 273 Mo. 159, 201 S.W. 67 (1918) [3]; Rule 96.01. Parol evidence that the Kingsleys had acquired the land as joint tenants rather than by the entireties is not an adequate base upon which to deny Shirley Kingsley her proper interest in the real estate, whether she is in default or not. Plaintiff has called our attention to a motion to dismiss filed out of time by Shirley and which denied the Kingsleys were tenants in common but were "joint tenants." This parol statement does not establish that plaintiff held a partitionable interest in the real estate, nor does it constitute proof of title.

Judgment reversed and cause remanded for further proceedings.

CLEMENS, P. J., and McMILLIAN, J., concur.