FUNK, Respondent, *vs.* DILLON, Appellant.

1. Under the practice act of 1849, the wife is a competent witness to support the title of a bailee of her husband, in an action in the nature of trover against the bailee, to which the husband is not a party.
2. As to measure of damages for the conversion of a slave, (see *Walker* v. *Borland,* ante.)

*Appeal from Buchanan Court of Common Pleas.*

Action by Funk for the value of a female slave alleged to have been converted by Dillon. The plaintiff claimed the slave as the property of his wife, the daughter of William P. Flint. The defendant had hired the slave of Flint.

At the trial, the plaintiff proved that Flint and wife were in possession of the slave from the time of their removal to Missouri, until the plaintiff married their daughter; and that while so in possession, Flint frequently declared that the slave belonged to his daughter, and had been willed to her by her maternal grandfather. An exception was taken to the admission of Flint's declarations.

The defendant offered evidence tending to show that the slave was given to Flint's wife by Maj. Pattison, her maternal grandfather; and produced a bill of sale from Pattison to Flint, dated in 1842. The defendant offered Sarah E. Flint, wife of William P., as a witness, having previously read in evidence a decree divorcing her from her husband, but the court refused to permit her to testify, to which an exception was taken.

The eighth instruction given for the plaintiff was as follows: "The measure of damages in this case is the value of the slave in contest, and the *value of her services* since the demand and refusal."

After verdict and judgment for plaintiff, defendant appealed.

*H. M. Vories,* for appellant.

*B. F. Loan,* for respondent.

RYLAND, Judge, delivered the opinion of the court.

The errors relied on for reversing the judgment of the court below, by the appellant's counsel, principally embrace the rulings of that court, in admitting and rejecting the testimony of witnesses, and in giving instructions, and in refusing instructions. Many and various rulings have been pointed out here, and alleged to be erroneous, which it is not thought necessary to notice particularly.

1. The court erred in rejecting the testimony of Mrs. Sarah E. Flint. She was a proper and competent witness, and the defendant had the undoubted right to have had her testimony before the jury. Her husband was no party to this suit, and whether she and her husband had been separated by a divorce or not, made no difference. In no way does it appear by this record how either Sarah E. Flint, or her husband, William P. Flint, were to be held as incompetent witnesses. The great burden of the testimony, on the part of the plaintiff, was what had been said in regard to the ownership of the negro woman in controversy by William P. Flint.

How the testimony of Mrs. Flint became excluded, or rather why she was declared incompetent, and refused admission to be sworn, this court is at a loss to ascertain. In the case of *Scroggin & Smith* v. *Holland,* (16 Mo. Rep. 419,) this court held that the widow was a competent witness for the interest of her deceased husband's estate. A witness, under our late code, is not incompetent by reason of interest in the event of the suit. Here we cannot see the interest involved in behalf of Mrs. Flint. There may be, however, such interest ; but interest does not now render a witness incompetent. The defendant claims the negro as a special bailee. The testimony shows he claims her as having hired her from William P. Flint. (See the case of *Stein* v. *Weidman's Adm'r,* in the 20th vol. Mo. Rep. p. 17.) In this last case, a widow marries the administrator of the estate of her first husband, and is admitted as a competent witness in favor of her present husband, the admin-

istrator, in a controversy between him, as such administrator, and a person claiming to be a creditor of the estate of her first husband. (1 Greenl. Ev. secs. 337, 338.) In *Wells* v. *Tucker*, (3 Binney, 366,) it was held that the widow is a good witness to prove a *donatio causa mortis* by her deceased husband. But there is here no need to cite authorities, because the husband is no party, nor is his estate a party. Mrs. Flint has no interest, nor is she excluded by any common law rule from being a witness in this case. The court below, therefore, erred in refusing to let her be sworn as a witness.

2. The eighth instruction given for the plaintiff is not correct; it should not have been given. (See the case of *Walker* v. *Borland*, decided at this term of the court, and the opinion therein.)

The other instructions we say nothing about. The facts may assume a different face in the next trial, when the rejected witness is permitted to testify. I cannot close this opinion without remarking how exceedingly dark the whole case appears to us. In the next trial more light may appear; it is to be expected that it will, in order that justice may be done the parties. The judgment below must be reversed, and the cause remanded for further proceedings; Judge Scott, the other judge before whom it was argued, concurring.