JOSEPH EICHELMANN, Respondent, *v.* MATTHIAS WEISS ET
AL., Appellants.

April 15, 1879.

1. It is error to receive and render judgment upon a verdict which does not
find the issues as to all the defendants.

2. In the absence of aggravating circumstances, in trespass for selling property
on execution against another, consequential damages cannot be recovered.

3. The special act concerning sheriffs and marshals is still in force in the city
of St. Louis, notwithstanding the separation of city and county.

4. A claim under that act may be good, though informal, if the officer treats
it as valid, and takes a good bond in consequence.

5. The taking of a good bond under an informal claim relieves the officer;
and where the first claim omitted to state value, and a bond for $250 was
taken under it, and a second claim was filed valuing the property at $300,
and an appraisement was had fixing the value at $122, the first bond, being
sufficient under the law, will protect the officer.

APPEAL from St. Louis Circuit Court:
*Reversed and remanded.*

AUGUST REBENACK, for appellants: It was error to
allow consequential damages in this action. — *Flaherty* v.
*Taylor*, 35 Mo. 447; *Smith* v. *Way*, 9 Allen, 472; *Ben-
nett* v. *Hood*, 1 Allen, 47; *Norton* v. *Doherty*, 3 Gray,
372; *Burnett* v. *Smith*, 4 Gray, 50. The bond taken by the
officer protected him. — *Bradley* v. *Holloway*, 28 Mo. 150;
*The State* v. *Watson*, 30 Mo. 122. The verdict was in-
formal and fatally defective. — *Schweickhardt* v. *St. Louis*,
2 Mo. App. 582.

EBER PEACOCK, for respondent.

BAKEWELL, J., delivered the opinion of the court.

The petition in this cause has two counts. The first
alleges that the defendants took from the possession of the
plaintiff, by force and unlawfully, certain personal property,
worth $500, belonging to the plaintiff, so that the same
was lost to him. Damages to the amount of the value of

the property are asked. The second count alleges the same trespass, and asks for $500 damages for injury to the business of the plaintiff, who kept a bar-room and grocery, the furniture of which composed the property seized.

It appears from the pleadings and evidence that the defendant Grund, at the date of the alleged trespass, was a constable of St. Louis Township, and that he seized and sold the property described, in the city of St. Louis, at the request of his co-defendants, by virtue of an execution in their favor against one Thaunfetter. The plaintiff, at the time, was the real owner of the property, having purchased the same from Thaunfetter's wife, who was trading by herself, having been abandoned by her husband, and whose separate property the goods were at the date of the sale to the plaintiff. The goods never belonged to the defendant in the execution. The defendants, however, acted 'in good faith; the execution creditors believing that the goods had belonged to Thaunfetter, and the constable acting by their direction. On May 31, 1877, the levy was made. The goods were claimed on that day by the plaintiff. The claim was in writing, but did not comply with the statute, in that it did not give the value of the property claimed. The defendants Weiss and Obert then gave bond in the sum of $250 to indemnify the constable. On June 2, the constable removed the property. A second claim was then made, stating the value at $300. The constable then demanded a bond for $600. His co-defendants objected; an appraisement was had at their request, which fixed the value at $122, and the constable proceeded with the sale. The property brought $117, which was applied on the execution. The jury returned the following verdict: "We, the undersigned, jury in the case of Joseph Eichelmann v. Louis Obert, Matthias Weiss, and Louis Grund, find for the plaintiff, and assess damages against Louis Obert and Louis Grund for $400 on the first count and $100 on the

second count." The defendants bring the cause here by appeal.

Judgment was entered against Obert and Grund for $500. The verdict is imperfect, and should not have been received. The whole issue is not tried. The cause was not dismissed as to Weiss, and there is no verdict and no judgment as to him. This is substantial error. The defendants, if liable, are jointly liable, and subject to contribution; and those against whom judgment was rendered have a right to have the question determined whether Weiss is to bear any share of the burden; and being prejudiced by the error, may take advantage of it. This has been repeatedly adjudged, and was determined by this court in a case recently decided. *Schweickhardt* v. *St. Louis,* 2 Mo. App. 582.

As the case must go back for retrial, it is proper to say that it seems to have been tried on incorrect theories of the law in more than one respect.

In the absence of aggravating circumstances (and there seem to have been none in this case), there could be no recovery on the second count, because in trespass for selling property under execution against another the measure of damages is the value of the property at the time of the trespass, and interest. *Walker* v. *Borland*, 21 Mo. 289; *Fuank* v. *Dillon*, 21 Mo. 294.

The act concerning sheriffs and marshals is still applicable to cases arising within the city of St. Louis. It is true that the act entitled "An act to conform the laws of the State to section 23, art. 9, of the Constitution," passed May 2, 1877 (Acts 1877, p. 187), does not name constables. But the separation of the city and county, on October 22, 1876, by the adoption of the new charter and scheme of separation, did not relieve St. Louis from the operation of such laws specially applicable to St. Louis County as were then in force and consistent with the altered circumstances. When the Sheriffs and Marshals Act was passed, in 1855, it was specially intended for the

city of St. Louis, which was not specially named only because it was included in the word " county," which was used in the act. The Sheriffs and Marshals Act and its subsequent amendment were made by the terms of the law specially applicable to the city of St. Louis, within whose limits the great mass of the inhabitants of the then county did at that time reside. The fact that the city has since become a separate political subdivision of the State does not in any way render the provisions of the Sheriffs and Marshals Act unsuited to her altered condition in this respect; and it is plain that it never was in the mind of the Legislature to repeal this law as far as St. Louis is concerned. The law being in operation, it follows that the bond taken in this case was properly executed to the constable, and not to the State of Missouri, as it should have been if the proceeding had been under the general, and not under the special law.

That the claim made under the Sheriffs and Marshals Act is not strictly in compliance with the law seems to be immaterial. It was held in *Bradley* v. *Holloway*, 28 Mo. 150, that the officer would not be protected by a bond given in answer to an informal claim. But subsequently, in *The State to use* v. *Watson*, 30 Mo. 122, it was held that it is immaterial whether the claim is made under the third section of the act or not; that it may be made orally; and that if the officer chooses to treat the claim as valid, and demands an indemnification bond, the taking of a sufficient bond relieves the officer from liability to the claimant for the levy or sale. The first claim, in the case at bar, set no value on the property. The constable demanded and received a bond for $250. A second claim was made, fixing the value at $300. The constable then demanded a bond for double the value stated in the claim. An appraisement was demanded, and the value fixed by appraisement at $122. The law provides that in this case the bond shall be double the appraised value. The bond taken under the first claim

was therefore a sufficient bond, and the demanding of it was an election to give up the right of action against the constable and to look to the bond. But if the first claim be treated as void, then, on receiving the second claim, the constable, after the appraisement, could demand no larger bond than that already in his possession, and a formal re-delivery of that bond was unnecessary. We consider, therefore, that the learned judge erred in directing the jury that the bond in evidence was no protection to the constable unless it was for double the amount sworn to in the claim. The amended act of March 14, 1859 (Acts 1859, p. 439, sect. 2), provides, that if the value stated in the claim be objected to by the plaintiff, the officer shall have the property appraised, and that the bond shall be double the appraised value. No amount was stated in the first claim, and when the second claim was made, the value of the property was determined by appraisement.

The judgment of the Circuit Court is reversed and the cause remanded. All the judges concur.