73   293
75   472

W. B. BESHEARS, Executor of R. A. BESHEARS, Deceased, Appellant, v. VANDALIA BANKING ASSOCIATION, Garnishee, Respondent.

**St. Louis Court of Appeals, January 18, 1898.**

**Judgment, Final:** BAR TO FURTHER JUDGMENT: PROCEEDINGS CORAM NON JUDICE.    By taking final judgment against one of two defendants plaintiff debarred himself of the right to another judgment in the same cause against the other defendant, and the court, after the rendition of such judgment, deprived itself of the power to proceed to further adjudicate the case without first setting aside the final judgment.

*Appeal from the Audrain Circuit Court.*—HON. E. M. HUGHES, Judge.

AFFIRMED.

*Joseph Tapley* and *J. O. Allison* for appellant.

The court had jurisdiction to hear and determine this cause, both as to the main suit and the garnishment proceedings. *Babb v. Bruere,* 23 Mo. App. 604; *Gray v. Bowles,* 74 Mo. 423; *Chase v. Christianson,* 41 Cal. 253. See, also, *Freeman v. Thompson,* 53 Mo. 183; *Fields v. Maloney,* 78 *Id.* 179; *Payne v. Mooreland,* 15 Ohio St. 435; *Dowdy v. Wamble,* 110 Mo. 280.

The court having jurisdiction of the persons and subject-matter, and entered of record judgments against these defendants, however irregular, erroneous and imperfect these judgments may be, they can not be impeached and attacked collaterally, but must stand until set aside by direct proceedings by the aggrieved parties. *Rosenheim v. Hortsock,* 90 Mo. 357; *Hardin v. Lee,* 51 *Id.* 241; *Hope v. Blair,* 105 *Id.* 85; *Yeoman v. Younger,* 83 *Id.* 424; *Horner v. Cook,* 118 *Id.* 476, 490; *Union Depot Co. v. Frederick,* 117 *Id.* 138; *Bailey v. McGinniss,* 57 *Id.* 362; *Babb v. Bruere, supra.*

That these irregular and defective judgments against the two Dowells could have been corrected or amended by the trial court, or on appeal, there can be no doubt. *Keaton v. Banks,* 10 Ired. (N. C.) 381; *Orvis v. Elliott,* 65 Mo. App. 100; *Hardin v. Lee, supra; Cauthorn v. Berry,* 69 Mo. App. 404.

The objection to the jurisdiction is not available to the garnishee. *Godman v. Gordon,* 61 Mo. App. 690; *Connelly v. Miller,* 34 N. W. Rep. 76; *Whitworth v. R. R.,* 45 *Id.* 500; *Hardin v. Lee, supra.*

It can not be said that because the court took final judgment against Nathaniel Dowell without dismissing as to Joseph Dowell (as sec. 2030, R. S. 1889, indicates should be done), this act of itself dismissed the cause as to him. *Eichelman v. Weiss,* 7 Mo. App.

87; *Miller v. Bryden*, 34 *Id.* 606; *McCord v. McCord*, 77 Mo. 175.

A judgment can not be final without making disposition of all the parties and issues to the suit. This judgment did not dispose of defendant Joseph W. Dowell, and the issue of his liability on the notes. *Caulfield v. Farish*, 24 Mo. App. 110; *Miller v. Bryden*, 34 *Id.* 508.

*George Robertson* for respondent.

The final judgment against Nathaniel Dowell thereby dismisses the action as to Joseph W. Dowell, and any further procedure against him is void. R. S. 1889, sec. 2213; *Caulfield v. Farish*, 24 Mo. App. 110; *Holborn v. Naughton*, 60 *Id.* 100; *Sater v. Hunt*, 61 *Id.* 228; *Adderton v. Collier*, 32 Mo. 507; Freem. on Judg., secs. 12, 17; *Henry v. Gibson*, 55 *Id.* 570; 1 Black. on Judg., sec. 208.

The return of the sheriff is not sufficient to give the court jurisdiction over the garnishee. *Todd v. R'y*, 33 Mo. App. 110. See, also, *Swallow v. Duncan*, 18 Mo. App. 622; R. S. 1889, sec. 543; *Connor v. Pope*, 18 Mo. App. 86; *Norville v. Porter*, 62 Mo. 310; *Keane v. Bartholow*, 4 Mo. App. 507; *McAlister v. Ins. Co.*, 28 Mo. 214.

BLAND, P. J.—This proceeding was instituted in the circuit court of Pike county, January 25, 1892, wherein William Beshears and Jessie C. McGrew, executors of the estate of Robert A. Beshears, were plaintiffs, and Joseph W. Dowell and Nathaniel Dowell were defendants. It was a suit by attachment on several promissory notes, aggregating the sum of $2,129.28. On the same day affidavit for attachment was filed, bond given, and writ of attachment issued to the sheriff of Pike county against Joseph W. Dowell,

and on the same day a summons was issued to the sheriff of Pike county, commanding him to summon Joseph W. Dowell and Nathaniel Dowell. At the next regular term of the circuit court of Pike county, being the March term, 1892, the sheriff made his return of the attachment writ, showing that he attached on the twenty-sixth day of January, 1892, certain personal property as the property of Joseph W. Dowell, and also at the same term of the court the said sheriff made return in regular form of the summons issued to him, showing that on the twenty-sixth day of January, 1892, he duly summoned Nathaniel Dowell, and stating in said return that defendant Joseph W. Dowell could not be found in Pike county.

At the said term, March term of the court, and on the seventeenth day of March, 1892, by order of the court, this cause was continued, and on the next day this order of continuance was set aside and an order of publication to Joseph W. Dowell was applied for and obtained, and on the same day defendant Nathaniel Dowell, having been duly summoned, and having failed to appear and answer or demur to plaintiff's petition, the court rendered judgment by default against him in favor of plaintiffs for the amount of the notes, $2,251.77. Prior to the rendition of this judgment, however, on the twenty-sixth day of February, 1892, the plaintiffs caused to be issued from the office of the circuit clerk of Pike county, an attachment writ and summons to the sheriff of Audrain county against Joseph W. Dowell, returnable to the September term of the court, and under this writ the sheriff of Audrain county attached in the hands of the Vandalia Banking Association, a corporation, all money belonging to or owing to said Joseph W. Dowell, being about $340, and summoned said banking association as garnishee in this cause, and made due return thereof.

At the September term of the circuit court of Pike county, and on the fifth day of September, 1892, the plaintiffs filed their interrogatories in the garnishment proceedings in this cause, and on the fourteenth day of September, 1892, and during the September term, the Vandalia Banking Association, garnishee, filed its answer in the garnishment proceedings.

On September 19, 1892, proof of publication of the notice by publication to Joseph Dowell was filed, and afterward and at the September term, 1892, of the circuit court of Pike county, the court finds that defendant Joseph W. Dowell has been duly served with process as the law directs, and having failed to appear and answer or demur to plaintiff's petition, the same is taken as confessed, and the cause coming on to be heard, and after hearing of the evidence it is ordered by the court that plaintiff's attachment in this cause be sustained and the court renders judgment in favor of the plaintiffs in this cause against defendant Joseph W. Dowell, for the amount of the notes and interest due, at that time, $2,251.77.

At the March term, 1893, of the Pike county court, and on the tenth day of March, 1893, the garnishment proceedings in this cause being undisposed of and still pending, a change of venue was taken to the circuit court of Audrain county, when the cause was regularly continued until the January term, 1897, of said court, and at which term, and on the eighteenth day of January, 1897, the Vandalia Banking Association, garnishee, filed a motion to dismiss the garnishment in this cause against the said garnishee, for the reason that the court has not acquired any jurisdiction over this garnishee nor over any funds in its hands belonging to defendant Joseph W. Dowell, or owing to him by said garnishee, and introduced in evidence in support of said motion all the record and papers in this cause.

Thereupon the court sustained said motion, to which action of the court the plaintiffs then and there duly excepted.

On the same day plaintiffs filed their motion for a new trial, which was overruled, and plaintiffs perfected their appeal to this court.

The judgment rendered at the March term, 1892, of the Pike county circuit court against Nathaniel Dowell, was a full, complete and final judgment as to him. The contention of respondent is that the rendition of this judgment was a final disposition of the case and operated as a dismissal of the suit as to Joseph Dowell, who up to that time had not been served with process. We are inclined to support this contention.

FINAL judgment: bar to further judgment: proceedings coram non judice.

Section 2213, Revised Statutes 1889, provides: "When there are several defendants in suit, and some of them appear and plead and others make default, an interlocutory judgment by default may be entered against such as make default, and the cause may proceed against the others; *but only one final judgment shall be given in the action.*" Under this section appellant, at the March term, 1892, of the Pike county circuit court, if he wished to continue the prosecution of his case against Joseph Dowell, should have taken an interlocutory judgment against Nathaniel and continued his case for service on Joseph Dowell. Instead of doing this he took a final judgment against Nathaniel; by this action he debarred himself of the right to have another judgment in the same suit against Joseph Dowell; and the court, after the rendition of the final judgment, deprived itself of power to proceed to make any further adjudication in the case without first setting aside the final judgment against Nathaniel Dowell. In our view the latter clause of section 2213, *supra,*

providing that "but one final judgment shall be rendered in the cause," is mandatory.   In this view we are supported by *Henry v. Gibson*, 55 Mo. 570, and *Holborn v. Naughton*, 60 Mo. App. *loc. cit.* 103.   If mandatory, the courts can not get around the plain provision of the statute by classifying proceedings of the character had in this case as irregularities.  A final judgment is the conclusion of the whole matter; nothing further remains of the cause to be adjudicated, and the power of the court to adjudicate the cause is exhausted by the rendition of the final judgment.  Nor can the judgment rendered against Nathaniel Dowell be treated as an interlocutory one.  As to him the judgment was full, final and complete to the awarding of execution.

The fact that the cause was continued as to Joseph Dowell and *alias* process was awarded to bring him and his property before the court at the same term the judgment against Nathaniel was rendered, did not have the effect to preserve the power of the court over the cause or to give it jurisdiction to proceed against Joseph Dowell to final judgment.   When the court adjourned for the term, leaving the judgment against Nathaniel Dowell in full force and effect, its jurisdiction to render any other or further judgment in that cause was gone, and what was done thereafter was *coram non judice* and void.

Judgment affirmed.   All concur.