BARBARA PROCTOR, Respondent, v. CHARLES GARMAN, Defendant, Respondent, and KANSAS CITY, Appellant.

Kansas City Court of Appeals. January 26, 1920.

1. **JUDGMENT: Verdict as to One Defendant: Failure to Find as to Other Defendant** Where at the close of all the evidence the court marks "given" a peremptory instruction in behalf of one defendant, but the instruction is not submitted to the jury, but the jury is instructed that the case is submitted only as against the other defendant; and the jury finds against the other defendant and makes no finding as to the first defendant, the court could not enter a final judgment as to both parties defendant as is required by section 2097, Revised Statutes 1909, since the jury found only as to the issue between plaintiff and one defendant, and has not disposed of all the issues.

2. **PRACTISE: Demurrer to the Evidence.** In this State the common-law demurrer to the evidence does not exist, the only proceeding that can be likened to it in our practise being a peremptory instruction to find for a party.

Appeal from Jackson Circuit Court.—*Hon. Daniel E. Bird,* Judge.

REVERSED AND REMANDED.

*C. R. Leslie, Atwood, Wickersham, Hill & Popham* for respondent.

*John J. Coull* for Garman; *E. M. Harber & A. F. Smith* for appellant.

BLAND, J.—This is a suit for damages for personal injuries alleged to have been caused by plaintiff falling upon an accumulation of ice on a public sidewalk in Kansas City, Missouri. The petition alleged that the defendants, Charles Garman and Belle Garman, were the owners of certain improved real estate in Kansas City, Missouri; that upon said premises, and immediate-

ly abutting the paved sidewalk in question, said defendants maintained a small garage about ten feet in width; that the owners of said garage "maintained drain pipes or spouts on the said garage which extended downward on said garage to within a few inches from the level of said sidewalk, and thence outward a few inches near the edge thereof so that water from the roof of said garage would and did by reason thereof run out over said sidewalk in front of said garage at said place, and for a long time, namely, several weeks; prior to the 17th day of January, 1918, there was, by reason of said facts, upon said sidewalk immediately in front of said garage, an uneven and dangerous accumulation, coating, and ridge and ropes of ice one to several inches in depth and one to several feet in width extending over and upon said sidewalk," which was caused "by reason of the natural precipitation and by water from the roof of said garage issuing from said drain pipes and spouts onto said sidewalk, and thereafter freezing and forming on same." Defendants were charged with negligence in maintaining the drain pipes and allowing the same to be maintained under the circumstances and permitting the rough and uneven ridges of ice to form and to remain when defendants could, by the exercise of ordinary care, have known of the condition in time to have abated the same before the injury. The case was dismissed as to defendant, Belle Garman.

There was evidence tending to sustain the allegations of the petition and showing negligence on the part of both defendants. At the end of all the evidence the court marked "given" the following instruction: "Under the pleadings and the evidence your verdict in this case must be for the defendant Charles W. Garman." When the court marked said instruction "given" defendant, Kansas City, moved the court to dismiss the case as to it, which motion was overruled. An instruction in the nature of a demurrer to the evidence was likewise requested by the defendant Kansas City, but the same was refused. Thereupon the court stated:

"Let your record show that at the close of all the evidence the defendant Garman offers a demurrer which is by the court sustained and to which ruling and action of the court the defendant Kansas City at the time duly excepted and still excepts; also to which action and ruling of the court the plaintiff at the time duly excepted and still excepts; and that upon the court sustaining the demurrer of the defendant Garman, the City moves that the case against the City be dismissed, which motion is by the court denied; to which ruling and action of the court the defendant Kansas City at the time duly excepted and still excepts."

The court thereupon instructed the jury "that this case is submitted to you only as against defendant Kansas City." The peremptory instruction marked "given" for defendant Garman was not read to the jury. Why it was not submitted to the jury is not explained. Such failure could not have been an oversight for the reason that the court instructed the jury that the case was submitted to them only as to defendant Kansas City. The jury returned a verdict against the city but, of course, made no finding as to defendant Garman. The court recited in its judgment the dismissal of the case as to the defendant, Belle Garman, the marking of "given" on the instruction offered by the defendant, Charles Garman, and the verdict of the jury against the city. The judgment was in favor of plaintiff and against the city in accordance with the verdict but in addition judgment was rendered in favor of defendants, Belle Garman and Charles Garman. Defendant city appealed.

The city in its motion for new trial and in arrest of judgment called the attention of the court to the fact that the verdict of the jury was not responsive to the issues and it now urges that point in this court. We think the point is well taken, in that the jury found the issues in favor of plaintiff and against the city without disposing of the issues as to the defendant, Garman. Section 2097, Revised Statutes 1909, provides that when

there are several parties defendant in an action one final judgment shall be given in the case. While the court attempted to render final judgment in this case disposing of the issues as to all parties, such final judgment was a nullity because it could not have been entered on the verdict of the jury, the finding of the jury being only as to the issue between plaintiff and the city. [Crow v. Crow, 124 Mo. App. 120, 125; Miller v. Bryden, 34 Mo. App. 602, 608, 609; Eichelmann v. Weiss, 7 Mo. App. 87-89; Ferguson v. Thatcher, 79 Mo. 511, 514; Spalding v. Citizens' Bank, 78 Mo. App. 374; Beshears v. Vandalia Banking Association, 73 Mo. App. 293; Pittsburg Plate Glass Co. v. Peper, 96 Mo. App. 595.]

If it be urged that the trial court did not submit the peremptory instruction to the jury in favor of defendant Garman for the reason that it sustained a demurrer to the evidence, we do not think that the record evidences such an attempted action on the part of the trial court. Nothing was requested by Garman that could be taken as a demurrer to the evidence except the peremptory instruction to the jury to find in his favor. While the practice of giving an instruction to the jury in the nature of a demurrer to the evidence is often referred to as a demurrer to the evidence, there is no such thing as a common law demurrer to the evidence in this State. As was said in the case of Rubber Co. v. Wernicke, 166 Mo. App. 128, 130:

"The common-law demurrer to the evidence did have the effect of a conclusive admission by the defendant not only of the facts brought out in the evidence of plaintiff but of the reasonable inferences to be drawn from them in favor of the pleaded cause of action and, further, it had the effect of entirely withdrawing the case from the jury and putting it before the court as in the case of a special verdict. In other words the offering of a demurrer which, by the way plaintiff was required to join in (Tidd's Practice, 865) was a submission of the case to the court for pronouncement of the

sentence of the law on an admitted state of facts. [Railroad v. McArthur, 43 Miss. 185; Suydam v. Williamson, 20 How. (U. S.) 436; Nelson v. Whitfield, 82 N. C. 54; Pharr v. Bachelor, 3 Ala. 237; Eberstadt v. State, 92 Texas, 97.]

The only proceeding that can be likened to a demurrer to the evidence known to our practice is a peremptory instruction to the jury to find for a certain party or parties to the action. [Jones v. Roberts, 37 Mo. App. 163, 177; Rubber Co. v. Wernicke, supra; Suydam v. Williamson, 20 How. 427, 436.] We fail to find from the record that the trial court attempted to do anything more than to follow the usual practice in this State.

The judgment is reversed and the cause remanded. All concur.