## DE VITO et al. v. HOFFMAN.
### No. 11017.

United States Court of Appeals
District of Columbia Circuit.

Argued April 23, 1952.

Decided Oct. 16, 1952.

David F. Smith, Washington, D. C., with whom Dorsey K. Offutt, Washington, D. C., was on the brief, for appellants.

Cornelius H. Doherty, Washington, D. C., for appellee.

Before CLARK, PRETTYMAN and FAHY, Circuit Judges.

CLARK, Circuit Judge.

This is an appeal from a judgment of the United States District Court for the District of Columbia, entered after a jury denied appellants recovery in claims for damages allegedly sustained at the hands of appellee, and from a ruling of the court that the statute of limitations barred appellant husband's claim for damages due to an alleged assault upon him by appellee.

As originally filed, this was an action by husband and wife in which the wife claimed that appellee had assaulted her, with resulting injuries, and the husband claimed damages for loss of his wife's services. In his answer, appellee filed a counterclaim for damages, alleging that appellant husband had assaulted him at the time of the events giving rise to this litigation. The jury found against appellee's counterclaim, and no appeal has been taken from the judgment on that part of the proceedings.

In her appeal, the wife contends that the court failed to instruct the jury properly as to the nature of an assault and regarding the legal basis upon which she might recover. The husband contends that the court erred in permitting appellee to attack the validity of his marriage. In addition, the husband contends that the court erred when it sustained appellee in his defense that the statute of limitations barred appellant husband's claim for damages due to assault.

■ At pre-trial hearing, appellant husband was granted leave to amend to assert a claim for damages due to an alleged assault upon him by appellee during the melee which lies behind these claims. He then filed a pleading denominated "supplemental complaint", but this purely procedural matter of denomination will not be permitted to interfere with the determination of substantive rights, and the pleadings will be so construed as to do substantial justice. The "supplemental complaint" was in reality a counterclaim to the counterclaim filed by appellee, and we will so regard it.

■ When appellee filed his counterclaim, the statute of limitations was tolled regarding the events or occurrence upon which his claim was founded, and it was a reasonable exercise of discretion, under the provisions of Rule 13(f) of the Federal Rules of Civil Procedure, 28 U.S.C.A. when the court granted appellant husband leave to amend, since his claim was founded upon the same occurrence as that which supported appellee's claim. Inasmuch as the statute of limitations had been tolled, the court erred in its ruling that the statute barred appellant husband's claim.

■ We now turn to the contentions of appellants concerning the wife's action for damages due to assault and the husband's action for loss of his wife's services. As stated above, the wife contends that the court failed to instruct the jury properly as to the nature of an assault, but with that contention we cannot agree.

■ The court's instruction to the jury was clear and adequate, and from our examination of the record we find that the verdict was one which the jury might reasonably have reached upon the evidence before it. We will therefore leave the verdict as it stands unless there was error in the admission of evidence, or in the conduct of the trial.

Both appellants place great stress upon what they claim was error when the court permitted appellee to attack the validity of their marriage by undertaking a collateral attack upon a divorce obtained by appellant husband in Maryland prior to his present marriage, and when it permitted certain questioning of appellant husband designed to show that he had entered into a common law marriage some years ago in New York.

■ In our view, appellant wife was not prejudiced by the attack referred to because her right to recover was not dependent upon a valid marriage, and nowhere in the record does it appear that her right was so conditioned.

Regarding appellant husband, we need not decide whether it was error to permit the attack upon his marriage. One fundamental prerequisite to recovery by a husband for the loss of his wife's services is that "the wife must be free from such fault as would bar recovery by her, as for example, her contributory negligence".[1] To put it another way, the wife must be legally entitled to recover for her injuries against the alleged tortfeasor. That does not mean that there must have been an adjudication of the wife's claim, for any adjudication between wife and defendant would be *res inter alios acta* since neither the parties nor the cause would be the same. The claims of husband and wife are entirely separate and independent of each other, judgment against one is not bar to action by the other, and if the husband and wife were to file their actions *separately*, decision in one case could have no bearing upon decision in the other.[2]

Prior to adoption of the Federal Rules of Civil Procedure, the husband was required to bring his action for loss of consortium separately, but in the instant case, as permitted by the Rules, the parties joined in their actions. The mere fact of their having joined did not affect their respective rights, but it created a procedural unity in which all the evidence relating to the claims of both appellants was in the possession of the jury when the case was submitted. In his instruction to the jury, the court stated that the only serious claim of appellant wife was that she had suffered a miscarriage as a result of the alleged assault, and, in turn, that there was no loss of consortium to appellant husband "unless you find the assault and battery upon the wife was the cause of this miscarriage". Thus, the rights of both parties were tied tightly together in the single question: Did the alleged assault cause the miscarriage? There was no objection on behalf of either plaintiff, and having chosen to accept an instruction by which decisions in their respective cases were tied together in one common question, they must now abide by the result. When the jury found for appellee in the claim of appellant wife, it found at the same time that appellant husband had no basis for recovery, and it follows that error, if any, in permitting the attack upon appellant husband's marriage was not prejudicial.

By a previous ruling, this court denied appellant's motion to limit the record on appeal, and we now deny appellant's request that the court assess to appellee ninety percent of the cost of a transcript of testimony submitted as part of the record.

Insofar as this appeal is from the judgment following jury verdict, we find no error and the judgment is accordingly affirmed. However, with respect to the appeal from the court's ruling that appellant husband's claim for damages due to assault was barred by the statute of limitations, that ruling is reversed and the cause remanded with instructions to award appellant husband a trial of his counterclaim against appellee.

Affirmed in part, reversed in part.

Remanded for proceedings in conformity with this opinion.

---

1. Restatement, Torts § 693(c) (1938).

2. See Lansburgh & Bro. v. Clark, 1942, 75 U.S.App.D.C. 339, 127 F.2d 331.