Fred C. BAYS and Elsa E. Bays,
Plaintiffs-Respondents,

v.

George LUETH, Defendant-Appellant.

No. 46753.

Supreme Court of Missouri,
Division No. 1.

April 13, 1959.

Donald W. Johnson, Charles V. Garnett, Kansas City, for appellant.

Albert Copaken, Sylvia Copaken, Kansas City, for respondents.

DALTON, Judge.

Plaintiffs' petition contains two counts. The first is in equity to quiet and determine title to Lots 15 and 16, Block 4, in George W. Warder's Addition in Kansas City, Missouri. The second count is in ejectment to recover possession of the premises and for damages and the value of the monthly rents and profits. Both counts were tried to the court in one hearing and a judgment was entered cancelling the deed under which defendant claimed and quieting title to the described real estate in plaintiffs, subject to an equitable lien in defendant's favor for $949.96, being the amount of taxes paid with interest. Thereafter, plaintiffs tendered into court for the defendant's benefit the amount fixed by the court and the court ordered the lien discharged. Defendant has appealed.

It appears from the transcript, and respondents admit, that no request was ever made for a separate trial of the issues in this cause and no order for a separate trial of the respective counts was made by the court. Respondents say the transcript correctly discloses that "all the issues in both counts were tried at the same time." Respondents' also suggest that they understood that " * * * in view of all the testimony and of the specific findings requested, the judgment of the trial court, in failing to grant plaintiffs any specific amount for

defendant's use of plaintiffs' land, had inferentially denied the prayer of plaintiffs' count two."

Appellant says, "the judgment entered by the court is not confined to the first count, in terms, and actually disposes of all issues except, possibly, the claim of plaintiff for damages for unlawful detention of the property; and as to that issue the award of a lien to defendant for taxes and penalties is wholly inconsistent with such a claim." Appellant insists that "the decree does in fact dispose of all issues."

The record presented clearly indicates that the case was tried to the court on both counts of the petition. The judgment entered recites that "the cause having been submitted to the court upon the pleadings, the evidence and the briefs, and the court thereafter having had the matter under advisement and now being fully advised in the premises, the court finds the issues in favor of the plaintiffs and against the defendant and hereby orders, adjudges and decrees * * *." In the remaining portion of the judgment the court only determined the title to the described premises, fixed the amount of the equitable lien and taxed the costs against defendant. There is no disposition of count two, the count in ejectment. While the judgment recites the finding of the issues for plaintiffs and against the defendant there is no judgment for the recovery of possession of the premises, no assessment of the damages for withholding possession and no determination of the value of rents and profits. These issues remain undetermined. The evidence shows that the plaintiffs fixed the amount of their damages (on account of defendant having withheld the possession of the property from them) at $500 and the value of the monthly rents and profits at $25 per month.

■■ "The general rule is that a judgment to be final and appealable must dispose of all parties and all issues in the case and leave nothing for future determination. Bennett v. Wood, Mo.Sup., 239 S.W.2d 325, 327(3); State ex rel. Thomp-

son v. Terte, 357 Mo. 229, 207 S.W.2d 487, 489(2); Deeds v. Foster, * * * (Mo. Sup., 235 S.W.2d 262). In the Deeds case it was said [235 S.W.2d 265]: 'The rule stated applies except for separate final judgments *expressly* ordered under Supreme Court Rule 3.29 [42 V.A.M.S.].' (Italics ours.) The purpose of the general rule is to prevent the piecemeal presentation of cases on appeal, or in detached portions. Weir v. Brune, 364 Mo. 415, 262 S.W.2d 597. Further, Section 511.130 RSMo 1949, V.A.M.S., provides that 'only one final judgment shall be given in the action', but this section has been modified by Supreme Court Rule 3.29. And see Sections 507.040, and 507.050 RSMo 1949, V.A. M.S." Pizzo v. Pizzo, 365 Mo. 1224, 295 S.W.2d 377, 379.

In the Pizzo case the court further said: "With regard to non-jury trials, the rule clearly gives the court discretion to order a separate judgment on the separate non-jury trial of a claim and provides such separate judgment shall be deemed a final judgment for the purposes of appeal. Carr, Missouri Civil Procedure, Vol. II, Sec. 860, p. 47. The discretion to 'order a separate judgment' is a discretion to be exercised by the trial court and not by the appellate court. It is of vital importance to litigants and their counsel for the purpose of appeal to be able to know when a final, appealable separate judgment has been entered. See Supreme Court Rule 3.24."

■ Since the record presented here fails to show a judgment disposing of the issues presented by the second count of the petition or any order of the court for a separate trial of the first count, no final, appealable judgment has been entered in the cause and defendant's appeal is premature and must be dismissed. State ex rel. State Highway Comm. v. Smith, Mo. Sup., 303 S.W.2d 120; State ex rel. State Highway Comm. v. Hammel, Mo.Sup., 290 S.W.2d 113; Adams v. Adams, Mo.Sup., 294 S.W.2d 18; McDonnell Aircraft Corp. v. Hartman-Hanks-Walsh Painting Co.,

Mo., 323 S.W.2d 788, and cases cited therein.

The appeal is dismissed.

All concur.