Paul SWAN and Frances Swan, Respondents.

v.

Jerrold STUART, Doing Business As McVay Motor Company, Appellant.

No. 23365.

Kansas City Court of Appeals.

Missouri.

Nov. 6, 1961.

Russell N. Pickett, Eugene E. Andereck, Phil Hauck, Thomas O. Pickett, Pickett, Andereck & Hauck, Trenton, for appellant.

R. Leroy Miller, Trenton, for respondent.

BROADDUS, Judge.

Plaintiffs, Paul Swan and Frances Mae Swan, are husband and wife. They instituted this action against defendant seeking to recover damages growing out of an automobile collision. Plaintiffs' petition was in three counts. In Count I plaintiff, Frances Mae Swan, sought damages for personal injuries. In Count II both plaintiffs prayed for damages to their automobile, and in Count III, plaintiff, Paul Swan, asked damages for loss of his wife's services.

The jury returned a verdict awarding plaintiff, Frances Mae Swan, $1,000 for personal injuries (Count I of plaintiffs' petition), and gave plaintiffs nothing for damages to their automobile (Count II) and

awarded plaintiff, Paul Swan, $380 for loss of his wife's services (Count III).

Judgment was entered upon the verdict, and in due time defendant filed his motion for new trial. That motion was taken up by the trial court on November 28, 1960, and "sustained as to Count II and Count III of plaintiffs' petition, and overruled as to Count I of plaintiffs' petition." Thereafter, defendant took this appeal.

 While the issue has not been raised by the parties, it becomes our duty to determine whether a final appealable judgment has been entered in the cause. Young v. Raupp, 301 S.W.2d 873, 874 (Mo.App.) The right of appeal is purely statutory. Section 512.020, V.A.M.S. provides that an appeal may be taken "from any final judgment in the case." A judgment is defined by Section 511.020 as "the final determination of the right of the parties in the action." A judgment to be final must dispose of all parties and all issues in the cause. Our statute does not allow parties to appeal piecemeal or permit them to bring one issue in a case to an appellate court while other issues therein remain undecided in the trial court. Magee v. Mercantile-Commerce Bank & Trust Co., 339 Mo. 559, 98 S.W.2d 614. The only exception to this rule is where the trial court orders a separate trial of a claim or issue (which is not the situation here) as contemplated by the provisions of Section 510.180(2) and Civil Rule 82.06, V.A.M.R.

According to the record before us the issues raised in Counts II and III of the petition remain undetermined in the trial court. A judgment on one count is not final where there has been no disposition of the remaining counts of the petition. Anderson v. Metcalf, 300 S.W.2d 377, 378, (Mo.Sup.) The trial court should set aside the judgment entered on the first count and hold the verdict thereon in abeyance until

a final judgment can be entered disposing of the whole case.

The appeal is premature and must be dismissed. It is so ordered.

All concur.