Ellen RAKESTRAW and Otis Rakestraw, Plaintiffs-Respondents,

v.

Wilbur O. NORRIS, Defendant-Appellant.

No. 8995.

Springfield Court of Appeals, Missouri.

July 7, 1971.

Rehearing Denied July 29, 1971.

E. C. Curtis, Farrington, Curtis & Strong, Springfield, for defendant-appellant.

Harold L. Henry, West Plains, for plaintiffs-respondents.

HOGAN, Judge.

This is an action for damages arising out of a collision between two automobiles. Plaintiffs, husband and wife, filed their petition in two counts. In the first count, plaintiff Ellen Rakestraw sought judgment for $15,000 for personal injuries sustained in the accident. In the second count, plaintiff Otis Rakestraw sought damages in the sum of $7,500 for loss of services and consortium. Other defendants were joined and cross-claims were filed, but the cross-claims were dismissed before trial by stipulation and eventually plaintiffs' claims were submitted solely against defendant Norris. No order was made for the separate trial of any claim pursuant to Rule 82.06, V.A.M.R.; the record shows quite clearly that both causes of action were tried and submitted, and that the jury was instructed to return separate verdicts on both counts. Nevertheless, the jury found the issues for plaintiff Ellen Rakestraw and against defendant Norris, awarding her the sum of $8,000 as damages, but made no finding and returned no verdict whatever concerning the claim of plaintiff Otis. The trial court entered judgment upon the first count. Defendant Norris filed a motion for new trial, which was denied. Plaintiff Otis filed a timely motion for new trial upon the ground that the jury failed to return a verdict on his claim for loss of consortium, but no order dispos-

ing of that motion appears of record, even though defendant's notice of appeal refers to an order granting Otis a new trial.

■ The issue has not been raised by either party, but it is nevertheless our duty to determine whether or not a final, appealable judgment has been entered in the case. Dudeck v. Ellis, Mo., 376 S.W.2d 197, 204 [1]; Pizzo v. Pizzo, 365 Mo. 1224, 1227, 295 S.W.2d 377, 379 [1·]. The general rule is that to be final and appealable, a judgment must dispose of all parties and all issues in the case and leave nothing for future determination, unless the trial court has ordered a separate trial of any claim or issue, or has specifically designated the particular judgment as a final judgment for the purposes of appeal. State ex rel. Schweitzer v. Greene, Mo., 438 S.W.2d 229, 231 [3]; Dudeck v. Ellis, supra, 376 S.W.2d at 204 [3]; Bays v. Lueth, Mo., 323 S.W.2d 236, 237 [1, 2]. If no final, appealable judgment has been entered by the trial court, the appeal is premature and must be dismissed. Dudeck v. Ellis, supra, 376 S.W.2d at 204 [3]; Deeds v. Foster, Mo., 235 S.W.2d 262, 265 [2].

■ In this case, two plaintiffs joined separate and distinct claims in a single petition, as authorized by the permissive joinder provisions of Rule 52.05(a), V.A. M.R. Substantively, however, plaintiff Otis had no interest in plaintiff Ellen's claim for personal injuries, and she had none in his claim for loss of consortium, and the two causes of action were not merged but remained separate as if they had been sued on separately. A verdict on Count One (for Ellen's personal injuries) would be neither a direct nor indirect adjudication of the issues presented by the count for loss of consortium, De Vito v. Hoffman, 91 U.S.App.D.C. 263, 199 F.2d 468, 470 [6, 7]; Robben v. Peters, Mo. App., 427 S.W.2d 753, 756–757 [2–6], and consequently, separate findings were required on each count, as indeed the jury was properly instructed here by approved instruction No. 36.07. When the jury

failed to find a verdict on Count Two, the trial court might have required it to retire again and make such a finding, and perhaps might even have recalled it for that purpose after it had been discharged, see Thorne v. Thorne, Mo., 350 S.W.2d 754, 757 [4–6], but neither of those things was done. What plaintiff did, and properly so, was to call the trial court's attention to the jury's failure to dispose of Count Two by motion for new trial, since that motion is now, by force of Rule 81.01, V.A.M.R., an appropriate motion in which to call attention to the jury's failure to dispose of all the issues in the case. Rule 81.01, V.A.M. R.; Owens v. Hannibal & St. Joseph R. Co., 58 Mo. 386, 394; Boudreau v. Myers, Mo.App., 54 S.W.2d 998, 999 [4]. Since some finding by the jury was a requisite to the entry of any valid judgment, Thorne v. Thorne, supra, 350 S.W.2d at 757 [1] [2]; Spangler-Bowers v. Benton, 229 Mo.App. 919, 927, 83 S.W.2d 170, 175 [2–4]; Proctor v. Garman, 203 Mo.App. 106, 108–109, 218 S.W. 910, 911 [1], the trial court, on plaintiff Otis' motion, should have set aside the judgment entered (which disposed only of Count One) and held the verdict in abeyance pending resubmission, or other disposition, of Count Two. Swan v. Stuart, Mo.App., 350 S.W.2d 832, 833; Suddarth v. Empire Lime Company, 79 Mo.App. 585, 590.

■ We therefore have before us a judgment which leaves one separate and distinct count of the petition undisposed of, without any order of the trial court for a separate trial. The appeal is premature and must be dismissed. Bays v. Lueth, supra, 323 S.W.2d at 237 [3]; Anderson v. Metcalf, Mo., 300 S.W.2d 377, 378 [4]; Swan v. Stuart, supra, 350 S.W.2d at 833 [2, 3]. It is so ordered.

TITUS, P. J., and STONE, J., concur.

ON MOTION FOR REHEARING

PER CURIAM:

After the opinion was filed in this case, and within the time for filing a motion for

rehearing, the defendant filed a motion requesting that our order of dismissal be set aside and that the appeal be restored to the docket and considered on the issues submitted by the parties. The burden of the motion is that the appeal is not premature, in fact that the trial court's jurisdiction is exhausted, because no ruling was ever made on plaintiff Otis Rakestraw's motion for new trial and it must be deemed denied by the operation of law as provided by Rule 78.04, V.A.M.R. In support of this motion, defendant has offered copies of the trial court's docket sheets, which are indeed silent as to any ruling on plaintiff Otis' motion for new trial.

■■ The defendant is put in the position of appearing to blow hot and cold in the same case, for in his notice of appeal he stated that he appealed in part from an order granting Otis Rakestraw a new trial, although, as we noted in the principal opinion, no such order appeared of record. We cannot, of course, accept defendant's "exhibit" as proof that no such order was made; as we recently noted in Citizens State Bank of Nevada v. Wales, 469 S.W. 2d 750, we cannot consider extraneous materials not of record and not agreed to by opposing counsel to determine what was done in the trial court. It may well be that the recitation in the notice of appeal that a new trial was granted plaintiff Otis is in error, but if the recitations of the record are in error or do not actually reflect what was done, they should be corrected in the trial court, and not here by means of extraneous filings. Hendershot v. Minich, Mo., 297 S.W.2d 403, 410 [12–15].

In any case our order of dismissal was based on our opinion that the trial court, in the particular circumstances, *could not* have entered a final, appealable judgment because the verdict returned did not dispose of all the factual issues submitted, either directly or by inference. We adhere to that view. It may, of course, be true simply because of the lapse of time the trial court has lost jurisdiction to enter an order setting aside the judgment prematurely entered pending disposition of the issues presented by Count Two. If that is the case, we direct the entry of such an order, pursuant to the authority granted us by Rule 83.13(c), V.A.M.R., and to that extent the principal opinion is modified. Otherwise, the motion is denied.

All concur.