**Mancil SMITH, Plaintiff-Respondent,**

v.

**Larry WELCH, Hitchin' Post, Inc., a corporation, and James W. Noble and Betty J. Noble, his wife, Defendants-Appellants.**

**No. 11233.**

Missouri Court of Appeals,
Southern District,
Division Four.

March 11, 1980.

James E. Curry, John H. Tharp, Ava, Maurice W. Covert, Houston, for defendants-appellants.

Albert F. Turner, Mountain Grove, Daniel P. Wade, Ava, Harold J. Fisher, Lynn C. Rodgers, Woolsey, Fisher, Whiteaker & Stenger, Springfield, for plaintiff-respondent.

PER CURIAM.

This is an appeal from a judgment rendered in an action for damages maintained against four defendants, only three of whom are mentioned in the verdict and judgment. The appeal must be dismissed because there was no final, appealable judgment.

Mancil Smith filed suit against four individuals (John R. Montgomery, Larry Welch, James W. Noble and Betty J. Noble) and one corporation (Hitchin' Post, Inc.). John R. Montgomery filed his separate answer. Larry Welch and Hitchin' Post, Inc. filed a joint answer, and the Nobles, husband and wife, filed a joint answer. Defendant Montgomery died before trial. Following his death plaintiff dismissed the action as to him. Defendant Hitchin' Post, Inc. appeared by counsel, and was represented throughout the trial. Defendant Hitchin' Post, Inc., remained in the case to the end. Instruction No. 3 authorized a verdict against "all the defendants" if the jury found, among other things, that defendant Hitchin' Post, Inc. had knowledge of a certain agreement mentioned in evidence. The verdict of the jury found the issues in favor of plaintiff and against defendants Larry Welch, James Noble and Mrs. Betty Noble, naming them, on the issues of actual and punitive damages. The verdict did not mention defendant Hitchin' Post, Inc. and made no finding one way or the other with respect to that defendant. The verdict was imperfect and should not have been received. *Schweickhardt v. City of St. Louis*, 2 Mo.App. 571, 583 (1876). Nor did the judgment include defendant Hitchin' Post, Inc., directly or indirectly. The judgment entered should not have been designated a final judgment.

In order to constitute a final judgment from which an appeal may be taken under the statute allowing appeals, § 512.-020, RSMo 1969, and Rule 74.01, a judgment must dispose of all issues and all parties in the case. The judgment from which an appeal was attempted to be taken in this case does not dispose of the issues between plaintiff and defendant Hitchin' Post, Inc. The judgment ignores and omits any reference to defendant Hitchin' Post, Inc., and makes no disposition whatever with respect to that defendant. For that reason the judgment is not final and appealable. See *Wile v. Donovan*, 514 S.W.2d 177 (Mo.App. 1974); *Jones v. Washburn*, 560 S.W.2d 604 (Mo.App.1978); *Frey v. Gabel*, 574 S.W.2d 38 (Mo.App.1978), and numerous authorities and cases therein cited. For the reason that the appeal has been taken prematurely the appeal must be dismissed.

It would be unfair to require plaintiff to retry this case against defendants Welch and Noble, *State ex rel. Ford Motor Co. v. Godfrey*, 505 S.W.2d 59, 64 (Mo. banc 1974),

at this stage of the proceedings. The judgment therefore may stand as an interlocutory judgment, and may be held in abeyance pending resolution of the issues between plaintiff and defendant Hitchin' Post, Inc. When those issues shall have been determined, by trial or dismissal, the court may then enter a final judgment reciting in what manner they have been determined; that with that determination the court has now by its order disposed of all issues and all parties, and that the interlocutory judgment of June 20, 1978, in favor of plaintiff and against defendants Welch and Noble is now made final and incorporated by reference. *Bolin v. Farmers Alliance Mutual Ins. Co.*, 549 S.W.2d 886, 891 (Mo. banc 1977). From that final judgment appeals may be taken and the transcript and briefs now on file may be refiled, together with the supplemental transcript, and any briefs the parties may desire to file in connection with the disposition of any issues remaining as between plaintiff and defendant Hitchin' Post, Inc.

Appeal dismissed.

All concur.