**Lynda L. KUTA and Robert J. Kuta, Respondents,**

v.

**George A. COLLIER and the George A. Collier Company, Inc., Appellants.**

**No. WD32068.**

Missouri Court of Appeals, Western District.

June 22, 1982.

As Modified Aug. 3, 1982.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied Aug. 3, 1982.

Robert K. Ball II, Joseph R. Borich, III, Kansas City, for appellants.

Morris & Foust, Max W. Foust, John Del Percio, Kansas City, for respondents.

Before SHANGLER, P. J., and PRITCHARD and DIXON, JJ.

DIXON, Judge.

The controlling and dispositive issue in this appeal is the question of whether the trial court judgment is final and appealable. It is concluded that the judgment of the trial court is not a final appealable order and the appeal is dismissed pursuant to the motion to dismiss the appeal filed by the respondents Lynda and Robert J. Kuta which was ordered taken with the case.

It is unnecessary to recite the factual background in detail. The plaintiffs Kuta had purchased a home built by the George A. Collier Company, Inc., and a dispute arose which delayed the closing of the transaction. Plaintiffs Kuta were in possession and defendants Barbara and George Collier entered the Kutas' home and engaged in an altercation with Lynda Kuta. In the course of the altercation, George Collier removed the front door of the Kuta home.

The controversy with respect to the appealability of the judgment arises in the following fashion. The plaintiffs' petition for actual and punitive damages asserted claims for slander, assault, intentional infliction of emotional distress, loss of consortium, and trespass in separate counts. At trial plaintiffs Lynda and Robert Kuta dismissed the claims for slander and loss of consortium, leaving for submission to the jury the assault, trespass, and intentional infliction of emotional distress claims. The various claims were submitted with separate verdict forms and separate verdict directing instructions. The assault count was submitted on behalf of the plaintiff Lynda Kuta only and was found in favor of Lynda Kuta for actual damages of $1,000 and for punitive damages of $2,500 against the defendant George A. Collier and punitive damages against George A. Collier and Col-

lier Company, Inc., in the amount of $5,000. This count was not submitted against Barbara Collier.

The count for intentional infliction of emotional distress was submitted only by the plaintiff Lynda Kuta and the verdict returned was in favor of Lynda Kuta and found actual damages of $100 and punitive damages against George A. Collier in the amount of $1,000 and for punitive damages against George A. Collier and Collier Company, Inc., in the amount of $5,300.00.

The counts for trespass were submitted by both the plaintiff Lynda Kuta and her husband Robert J. Kuta against the defendant George A. Collier and Collier and Company, Inc., and also against the defendant Barbara Collier and the Collier Company, Inc. In the verdict responsive to that count, the jury made no finding with respect to liability against George A. Collier and Collier and Company, Inc. They did, however, find in favor of the plaintiffs against the defendant Barbara Collier and Collier and Company, Inc. In that verdict form, they found actual damages in the amount of $100. The jury then declared punitive damages against the defendant George Collier as an individual in the amount of $1,000, and punitive damages against the defendant Collier and Company, Inc., in the amount of $10,000. No punitive damages were assessed against Barbara Collier. Thus, the damage findings of the jury are inconsistent with their verdict on the liability issues, and there is a complete absence of a finding of liability for or against the defendant George A. Collier and Collier and Company, Inc. When the trial court entered judgment upon these forms of verdict, the trial court omitted the punitive damage award against George Collier found by the jury, presumably because of the failure of the jury to make a finding as to liability. Anomalously, the court in its judgment awarded the punitive damages found by the jury against the defendant Collier Company, Inc., despite the fact that liability was found by the jury on that issue

against Barbara Collier *and* the Company and no punitive damages were assessed against Barbara Collier. Subsequent to the entry of the judgment, Barbara Collier paid into court the $100 actual damages assessed by the jury against her. She has not appealed.

The proceedings in this court have been convoluted, and for understanding of the issues, some recital of the procedural background in this court must be recited. Following the entry of the judgment following a jury trial in the circuit court, both the plaintiffs Kuta and the defendants George A. Collier and Collier Company, Inc., filed notices of appeal. Subsequent to those filings, Lynda L. Kuta dismissed her appeal, asserting that the trial court judgment was not a final appealable judgment or order. In a separate motion, plaintiffs Kuta requested that the cause be remanded for a new trial on two counts. An order was entered taking with the case the separate motion of the plaintiffs Kuta to dismiss the appeal of George A. Collier and Collier Company, Inc., and remand for new trial.

Plaintiff Lynda Kuta asserts that the jury's failure to reach a verdict on her trespass claim against George A. Collier and the Collier Company, Inc., rendered the verdict insufficient as a matter of law. Plaintiff argues that there is no final, appealable judgment because the judgment does not dispose of all the issues and all of the parties.

It is defendants' position that the verdict was not insufficient because the jury attempted to dispose of all the plaintiffs' trespass theories against all the defendants. They assert that the jury specifically assessed punitive damages against George Collier and that the punitive damage award against the corporation was "obviously" based on the conduct of George Collier. Defendants argue that the trial court's action in failing to include the punitive damage award against George Collier in the judgment was erroneous and therefore of no effect. They assert that, for purposes of

appeal, the judgment would have disposed of all the damage claims against all the parties if the trial court had included the punitive damage award against George Collier. Further, defendants stress that plaintiffs may not complain about the claim for actual damages because the damages have been paid in to court, and the issue is moot. Defendants' final argument is that the judgment has become final and appealable by res judicata because plaintiffs dismissed their appeal, and Barbara Collier paid the judgment against her for actual damages and has not appealed.

■ The motion of plaintiffs' Kuta requires that a determination be made as to the finality of the judgment. In order to be final and appealable, a judgment must dispose of all issues and all parties in the case. *Rakestraw v. Norris*, 469 S.W.2d 759, 761 (Mo.App.1971); *Smith v. Welch*, 596 S.W.2d 84 (Mo.App.1980). If the judgment is not final and appealable, the appeal is premature and must be dismissed. *Smith, supra* at 85; *Rakestraw, supra* at 761.

In *Rakestraw, supra*, the plaintiffs, husband and wife, filed their petition in two counts. In Count I, the wife sued for personal injury and in Count II, the husband sued for loss of consortium. Both causes of action were submitted, and the jury found in favor of the wife in Count I, but failed to make any finding in Count II. The court dismissed the appeal for lack of a final judgment and directed the trial court to set aside the judgment entered in Count I and hold the verdict in abeyance pending disposition of Count II.

The appeal in *Smith, supra*, was also dismissed for lack of a final judgment. In that case, the plaintiff maintained an action for damages against four defendants, but only three defendants were mentioned in the verdict and judgment. The court stated that it would be unfair to require the plaintiff to retry the entire case and held that the judgment may stand as an interlocutory judgment and be held in abeyance

pending resolution of the issues between the plaintiff and the fourth defendant.

Defendants cite several cases to support their position that the appeal should not be dismissed, but none reach the issue in the instant case. In *P. I. C. Leasing, Inc. v. Roy A. Scheperle Const. Co., Inc.*, 489 S.W.2d 219 (Mo.App.1972), the court determined that the appeal was not premature, even though the trial court had failed to rule on one party's counterclaim. The court determined that one element of the counterclaim had been taken into account by the judgment which precluded recovery on the counterclaim as a matter of law, and that the other element of the counterclaim had been abandoned before the case was submitted. There was no abandonment of the trespass claim, nor was recovery precluded as a matter of law, therefore *P. I. C. Leasing, Inc., supra*, is not applicable to the instant case.

Defendants also cite *Clancy v. Reid-Ward Motor Co.*, 237 Mo.App. 1000, 170 S.W.2d 161, 164 (1943), which concerned an alleged error in the *amount* of the judgment. The court held that such errors were cured if voluntarily paid, and no action was taken to preserve the claimed error for appeal.

*State ex rel. McClintock v. Black*, 608 S.W.2d 405 (Mo. banc 1980), presented a situation in which a party to a divorce filed a motion to vacate seven months after the decree was entered on the basis that certain marital property had not been divided and therefore the decree was not final. The court held that, " . . . once the time for appeal has run, the order of the trial court, although it has failed to divide all the marital property, is *res judicata* and *final* as to the property with which it has dealt." (Court's emphasis). The court then pointed out that finality for the purposes of appeal and res judicata were separate concepts. In the instant case, there was an appeal, and the issue of finality for appeal is preserved. *Black* has no application to this case.

Another case cited by defendants is *Heard v. Frye's Estate*, 336 S.W.2d 729 (Mo.

App.1960). In that case, the court held that the trial court's denial of the plaintiff's motion to set aside the dismissal of his petition and reinstate the cause of action was an appealable judgment. That judgment became final and res judicata, however, when the plaintiff delayed over a year before taking any further action. *Heard, supra,* is inapposite as to finality for purposes of appeal because, like *Black, supra,* there was no appeal.

■ Neither *Clancy, supra; McClintock, supra*; nor *Heard, supra,* involve the situation of an incomplete jury verdict, as is present in the instant case. There is no final judgment in this case, and any appeal would be premature and should be dismissed. In accordance with *Rakestraw v. Norris, supra,* and *Smith v. Welch, supra,* the appeal of the defendants is dismissed.

Nor does *Thorne v. Thorne,* 350 S.W.2d 754 (Mo.1961), assist appellants Collier in their claim that the judgment is final and appealable. In *Thorne,* the court's judgment was complete and was a final and appealable judgment. The question in that case was the sufficiency of the verdict to support the judgment. In the instant case, the issue is the finality of the judgment itself which omits the jury's punitive damage award against George Collier and does not dispose of all the issues submitted to the jury. The judgment itself is incomplete and lacking finality. This lack of finality did arise because of the failure of the jury to make the necessary specific findings as was the case in *Thorne,* but unlike *Thorne,* the trial court here did not enter a final judgment on an inadequate verdict but entered an incomplete judgment on an incomplete verdict.

Because of the incomplete judgment, the judgment lacks finality and will not support an appeal. This requires the dismissal of the appeal, revesting the trial court with jurisdiction.

The attention of the trial court is directed to *Bauman v. Conrad,* 342 S.W.2d 284 (Mo.

App.1961), for the purpose of evaluating the issues remaining under the trespass count. The trial court may also wish to consult *Swan v. Stuart,* 350 S.W.2d 832 (Mo.App. 1961), concerning the procedure to be adopted in the trial court.

The appeal is dismissed.

All concur.